SETTLEMENT AGREEMENT
AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement"), is entered into by and between Marvin L. Roberts ("Roberts"), the State of Alaska ("State"), and the City of Fairbanks ("City") (collectively referred to as the "Parties").

WHEREAS, Roberts is subject to a Judgment of Conviction and Order Of Commitment and Probation in Case No. 4FA-97-03163CR ("Original Case"), entered effective February 4, 2000, signed February 14, 2000, and certified February 17, 2000, ("Judgment of Conviction"); and

WHEREAS, Roberts is subject to a Restitution Order in Case No. 4FA-97-03163CR, dated March 14, 2000, ("Restitution Order"); and

WHEREAS, Roberts has filed a petition for post-conviction relief, Case No. 4FA-13-02667CI, seeking, pursuant to AS 12.72.010(4) and AS 12.72.020(b), to vacate the Judgment of Conviction and Restitution Order based on newly-discovered evidence ("PCR Petition"), within which Roberts has alleged police and prosecutorial misconduct; and

WHEREAS, the State contests Roberts's right to any relief through his PCR Petition, and contests the factual and legal assertions made by Roberts in connection with his PCR Petition, including without limitation Roberts's allegations of police and prosecutorial misconduct; and

WHEREAS, the Parties have now reached an agreement to resolve all disputes between them, and desire to formalize that agreement through this written instrument;

NOW, THEREFORE, in consideration of the recitals, covenants, and conditions contained in the present Agreement and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## I. TERMS

A. The Parties will place on the record in the PCR Petition a stipulation that Roberts has withdrawn his PCR Petition, including all claims of actual innocence and all claims and allegations asserted by Roberts in the PCR Petition of police and prosecutorial misconduct. The Parties understand and agree that this withdrawal is conditioned upon conclusion of the remaining terms of this Agreement, and that if the Court fails to order the relief required by this Agreement the withdrawal is null and void and Roberts may continue to pursue relief through his PCR Petition.

B. Contemporaneously with the filing of the above-referenced stipulation, the Parties will place on the record a stipulation with appropriate orders vacating the Judgment of Conviction and the Restitution Order from the Original case. Upon filing the stipulation, the State will file a dismissal of the indictment against Roberts pursuant to Criminal Rule 43(a), at which time Roberts will be immediately released from custody in 4FA-97-03163CR in accordance with Department of Corrections policies and procedures.

C. Each Party will bear his or its own costs and attorneys' fees incurred in relation to the PCR Petition pursuant to court orders existing at the time of this agreement, and will make no further claim against the other party for costs, attorneys' fees, restitution, or other expenses. No money beyond that already ordered by the court shall be tendered or exchanged as a result of this Settlement Agreement and Mutual Release of All Claims, and the parties expressly waive any expectation of, or right to recover, expenses or damages as a result of this compromise.

## II. RELEASE BY THE STATE

Through execution of this Agreement, the State has agreed to dismiss the indictment against Roberts without prejudice. The State further agrees not to seek a retrial at this time. The

State, however, reserves the ability to file charges in the future and seek a retrial only if substantial new evidence of guilt is discovered, of which evidence the State was not previously aware and could not reasonably have been expected to be aware. In the event that the State seeks retrial based on new evidence of guilt, Roberts agrees that any subsequent retrial will not be barred by Criminal Rule 45, a claim of "speedy trial," or double jeopardy. Roberts hereby voluntarily and knowingly waives any arguments, allegations, claims arising from, or in any way related to, Criminal Rule 45, speedy trial, or double jeopardy in the event of retrial.

## III. RELEASE BY ROBERTS

Marvin L. Roberts on behalf of himself and his representatives, beneficiaries, agents, attorneys, heirs, administrators, executors, predecessors or successors in interest, beneficiaries, or assigns, hereby releases and forever discharges the following persons and entities (sometimes collectively referred to as "Releasees"): the State of Alaska and its departments, divisions, agencies, agents, representatives, directors, past and current employees, attorneys, including but not limited to prosecutors and defense attorneys, contractors, retained or non-retained experts, witnesses, predecessors or successors in interest, and assigns; the City of Fairbanks and its departments, divisions, agencies, agents, representatives, directors, past and current employees, attorneys, contractors, retained or non-retained experts, witnesses, predecessors or successors in interest, and assigns; the Fairbanks North Star Borough and its departments, divisions, agencies, agents, representatives, directors, past and current employees, attorneys, contractors, retained or non-retained experts, witnesses, predecessors or successors in interest, and assigns; whether liable or claimed to be liable to Roberts, of and from any and all past, present, or future actions, causes of action, controversies, suits, claims, demands, liabilities, complaints or grievances of every kind and nature, whether mature or to mature in the future, and whether known or

unknown, for or by reason of any matter, thing, claim, or allegation arising out of or in any way related to the arrest, investigation, prosecution, appeal, legal representation, or incarceration associated with, connected to, or related in any way to any of the legal matters or actions referenced above, or any other matters arising prior to the date of this Settlement Agreement and Mutual Release of All Claims.

By virtue of this Settlement Agreement and Mutual Release of All Claims, Marvin L. Roberts unequivocally releases and discharges the Releasees from any and all claims whether presently known, unknown, or discovered in the future, arising out of the investigation into the death of Jonathan Hartman and the subsequent prosecution and incarceration of Marvin L. Roberts, whether based in tort, contract, the United States Constitution, the Alaska Constitution, or any other theory of recovery or liability, including but not limited to claims for malicious prosecution, wrongful imprisonment, prosecutorial misconduct, legal malpractice, violation or deprivation of rights civil or constitutional , personal injury, pain and suffering, loss of enjoyment of life, emotional or mental suffering, emotional distress or trauma, loss of consortium, loss of society, negligence, intentional acts or omissions, medical expenses, medical malpractice, past or future loss of wages, loss of earning capacity, or loss of prospective inheritance, administrative remedies, and any and all claims for compensatory damages, economic or non-economic losses, equitable relief, attorney's fees, or other costs or expenses of any kind whatsoever. Roberts hereby covenants and agrees that he will not, either individually, jointly, or in concert with others, or by virtue of other judicial proceedings of any kind whatsoever, make or cause to be made, acquiesce in, or assist in the bringing of any further claims or actions of any kind against the Releasees for damages or losses arising out of the matters or claims referenced above.

In view of the Alaska Supreme Court case of *Witt v. Watkins*, 579 P.2d 1065 (Alaska 1978), with which the parties are familiar, it is specifically set forth that it is the intention of the parties to discharge absolutely the liability of the Releasees from any and all claims or potential claims arising out of the incidents described above, and Marvin L. Roberts acknowledges and assumes all risk, chance or hazard that his individual damages may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. The undersigned specifically releases any right he may now or hereafter have to reform, rescind, modify or set aside this Settlement Agreement and Mutual Release of All Claims through mutual or unilateral mistake or otherwise. The risk of such uncertainty and mistake is expressly assumed by Roberts in consideration of the present settlement and dismissal and other consideration herein mentioned, and in consideration of this being a full and final settlement.

Marvin L. Roberts represents and warrants that he has the sole right and exclusive authority to execute this Settlement Agreement and Release of All Claims, and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release.

Marvin L. Roberts understands and agrees that should he, or anyone acting on his behalf, initiate further claims of any nature against the Releasees, nothing in this Settlement Agreement and Mutual Release of All Claims shall prevent or prohibit the Releasees from defending against such claims on the grounds of *res judicata*, collateral estoppel, waiver, or any other defense available at law or equity. *Weber v. State,* 166 P.3d 899, 901-902 (Alaska 2007). The Releasees do not waive or relinquish any such defenses, and the terms of this Settlement Agreement and Mutual Release of All Claims may not be relied upon by the undersigned as

indicia of the State's waiver of any available defense, affirmative defense, or counterclaim. No estoppel shall be inferred against the Releasees.

Marvin L. Roberts declares that the terms of this Settlement Agreement and Mutual Release of All Claims have been carefully read and are fully understood and are voluntarily accepted or the purpose of making a full and final compromise of any and all claims, disputed or otherwise, for and on account of the matters described above. It is mutually understood by the Parties that the purpose of this Agreement is that there be no further litigation by Roberts or others on his behalf related to this matter.

## IV. ADVICE OF COUNSEL

This Agreement has been drafted by the Parties through the efforts of their respective legal counsel. The rule of construction that an agreement shall be construed against the drafting party is therefore inapplicable to this Agreement. The Parties warrant that the terms of this Agreement have been carefully reviewed and that each Party understands its contents and has been advised as to the legal effect of this Agreement by legal counsel obtained by that Party.

## V. NO ADMISSION OF LIABILITY

The parties are reaching this Agreement for the purposes of settling a contested claim. The parties have not reached agreement as to Roberts's actual guilt or innocence. Roberts understands and acknowledges that the settlement reflected herein is the compromise of a disputed claim and is not to be construed as an admission of liability on the part of any of the Releasees, by whom all liability and fault is expressly denied. Nothing in this Agreement shall be deemed an admission of liability or responsibility on the part of either Party. Neither this Agreement nor any act taken to negotiate it or carry it out shall raise any presumption or

inference of, or be offered or received in evidence as an admission or concession of, any fault, wrongdoing, or liability in any amount or kind.

## VI. INTEGRATION

Except as otherwise set forth herein, this Agreement embodies the full and complete understanding of the Parties, and on execution supersedes and renders null and void any and all prior understandings and oral agreements between the Parties with respect to the subject matter hereof. The Parties enter this Agreement voluntarily, and the Parties affirm that no promise or inducement has been offered or made except as set forth in this Agreement, and that this Agreement is executed without reliance upon any statement or representation by any other Party or its agents or attorneys concerning the nature and extent of any injuries, damages, or legal liability of any Party. No modification or amendment of this Agreement is valid unless made in writing and signed by all Parties or their legal counsel.

## VII. GOVERNING LAW AND FORUM SELECTION

This Agreement is governed by and construed under the laws of the State of Alaska, without regard to conflicts of law principles. Any claims regarding this Agreement will be brought in the Alaska Superior Court, Fourth Judicial District at Fairbanks.

## VIII. COUNTERPARTS

This Agreement may be executed in any number of counterparts and by the different Parties hereto on separate counterparts, including facsimile or email transmittals, each of which when so executed shall be deemed an original, but all such counterparts, when taken together, shall constitute but one and the same agreement.

## IX. FURTHER ASSURANCES

The Parties agree to perform such acts and to prepare, execute, and file any documents or

Page 7 of 10       *Settlement Agreement and Mutual Release*       M.L.R. *M.L.R.*

Case 4:17-cv-00034-HRH   Document 43-1   Filed 06/04/18   Page 7 of 11

Exhibit 1, Page 7 of 11

stipulations reasonably required to perform the covenants, to satisfy the conditions herein contained, or to give full force and effect to this Agreement.

## READ BEFORE SIGNING

IT IS THE INTENT OF THE PARTIES, BY THIS DOCUMENT, TO FOREVER DISCHARGE ANY AND ALL CLAIMS OF MARVIN L. ROBERTS, PAST, PRESENT, OR FUTURE, OF ANY NATURE WHATSOEVER, AGAINST ANY AND ALL OF THE RELEASED PARTIES, AND TO RELEASE ANY AND ALL ECONOMIC OR NON-ECONOMIC LOSSES SUFFERED BY RELEASOR AS A RESULT OF, OR IN ANY WAY CONNECTED WITH, THE MATTERS DESCRIBED ABOVE.

Dated: __12-9-15__  __/s/ Marvin L. Roberts__
Marvin L. Roberts

THIS IS TO CERTIFY that on the __9TH__ day of __December__, 2015, at __Fairbanks__, Alaska, before me personally appeared Marvin L. Roberts, whom I know or verified to be the person he represents himself to be, and the same identical person who executed the above and foregoing document; and who acknowledged to me that he executed the foregoing instrument freely and voluntarily for the uses and purposes therein mentioned.

IN WITNESS HEREOF, I have hereunto set my hand and seal.



__/s/ Erika MacPherson__
Notary Public in and for Alaska
My Commission Expires: __with office__

Page 8 of 10          *Settlement Agreement and Mutual Release*          M.L.R. _MLR_

Case 4:17-cv-00034-HRH   Document 43-1   Filed 06/04/18   Page 8 of 11
Exhibit 1, Page 8 of 11

## ATTORNEY'S REPRESENTATION

As attorney for Marvin L. Roberts, I have carefully and fully explained the terms, provisions and effects of this Settlement Agreement and Mutual Release of All Claims with my client, and he has represented to me that he believes he understands the terms thereof and the significance of said terms.

Dated: 12-09-2015       By: _____
　　　　　　　　　　　　　　　William B. Oberly, #8106040
　　　　　　　　　　　　　　　Attorney for Marvin L. Roberts

Page 9 of 10　　　*Settlement Agreement and Mutual Release*　　　M.L.R. M.L.R.

Exhibit 1, Page 9 of 11
Case 4:17-cv-00034-HRH   Document 43-1   Filed 06/04/18   Page 9 of 11

STATE OF ALASKA

Dated: 12/9/15          By: _____
                            Craig W. Richards, #0205017
                            Its: Attorney General

    THIS IS TO CERTIFY that on the 9th day of December, 2015, at Anchorage, Alaska, before me personally appeared Craig W. Richards, whom I know or verified to be the person he represents himself to be, and the same identical person who executed the above and foregoing document; and who acknowledged to me that he executed the foregoing instrument freely and voluntarily for the uses and purposes therein mentioned.

    IN WITNESS HEREOF, I have hereunto set my hand and seal.

[SEAL: STATE OF ALASKA OFFICIAL SEAL — NANCY A. KORTING NOTARY PUBLIC — My Commission Expires with office.]

Nancy A. Korting
Notary Public in and for Alaska
My Commission Expires: With Office

CITY OF FAIRBANKS

Dated: _____   By: _____
                                        Its: Fairbanks Mayor

    THIS IS TO CERTIFY that on the ____ day of December, 2015, at Fairbanks, Alaska, before me personally appeared John Eberhart, whom I know or verified to be the person he represents himself to be, and the same identical person who executed the above and foregoing document; and who acknowledged to me that he executed the foregoing instrument freely and voluntarily for the uses and purposes therein mentioned.

    IN WITNESS HEREOF, I have hereunto set my hand and seal.

_____
Notary Public in and for Alaska
My Commission Expires: w/office

Page 10 of 10          *Settlement Agreement and Mutual Release*          M.L.R. M.L.R.

Case 4:17-cv-00034-HRH   Document 43-1   Filed 06/04/18   Page 10 of 11

Exhibit 1, Page 10 of 11

STATE OF ALASKA

Dated: 12/9/15      By: _____
                         Craig W. Richards, #0205017
                         Its: Attorney General

THIS IS TO CERTIFY that on the 9th day of December, 2015, at Anchorage, Alaska, before me personally appeared Craig W. Richards, whom I know or verified to be the person he represents himself to be, and the same identical person who executed the above and foregoing document; and who acknowledged to me that he executed the foregoing instrument freely and voluntarily for the uses and purposes therein mentioned.

IN WITNESS HEREOF, I have hereunto set my hand and seal.

[SEAL: STATE OF ALASKA OFFICIAL SEAL NANCY A. KORTING NOTARY PUBLIC My Commission Expires with office.]

Nancy A. Korting
Notary Public in and for Alaska
My Commission Expires: With Office

CITY OF FAIRBANKS

Dated: 18 December 2015      By: _____
                                  Its: Mayor

THIS IS TO CERTIFY that on the 18th day of December, 2015, at Fairbanks, Alaska, before me personally appeared John Eberhart, whom I know or verified to be the person he represents himself to be, and the same identical person who executed the above and foregoing document; and who acknowledged to me that he executed the foregoing instrument freely and voluntarily for the uses and purposes therein mentioned.

IN WITNESS HEREOF, I have hereunto set my hand and seal.

[SEAL: D. DANYIELLE SNIDER NOTARY PUBLIC STATE OF ALASKA]

Notary Public in and for Alaska
My Commission Expires: w/office