IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS,<br><br>                   Plaintiff,<br><br>    vs.<br><br>CITY OF FAIRBANKS, JAMES GEIER,<br>CLIFFORD AARON RING, CHRIS NOLAN,<br>DAVE KENDRICK, DOE OFFICERS 1-10,<br>and DOE SUPERVISORS 1-10,<br><br>                   Defendants.<br><br>EUGENE VENT, KEVIN PEASE, and<br>GEORGE FRESE,<br><br>                   Plaintiffs,<br><br>    vs.<br><br>CITY OF FAIRBANKS, JAMES GEIER,<br>CLIFFORD AARON RING, CHRIS NOLAN,<br>DAVE KENDRICK, DOE OFFICERS 1-10,<br>and DOE SUPERVISORS 1-10,<br><br>                   Defendants. | No. 4:17-cv-0034-HRH<br> [Consolidated with<br>No. 4:17-cv-0035-HRH] |

O R D E R

Stay of Proceedings

On November 20, 2020, defendants filed a petition for writ of certiorari.[1] The petition was placed on the Supreme Court's docket on November 23, 2020.[2] The time for plaintiffs' response to the petition was recently extended to January 22, 2021. "[T]he mere filing of a

---

[1] See Docket No. 88.

[2] Id.

-1-

petition for certiorari with the Supreme Court [does not] stop[] the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay." United States v. Sears, 411 F.3d 1240, 1242 (11th Cir. 2005). The parties have not requested a stay, but "[c]ourts have the power to consider stays sua sponte." Ali v. Trump, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

A district court's power to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also, Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("a district court possesses the inherent power to control its docket and promote efficient use of judicial resources"). The traditional factors the court considers in deciding whether to stay proceedings are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 556 U.S. 418, 425–26 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Consideration of these factors has convinced the court that a short stay pending resolution of defendants' petition for writ of certiorari would be appropriate. It is the court's perception that there is a relatively good chance that defendants' petition will be granted.

While defendants will not be irreparably injured absent a short stay, a stay will not substantially injure plaintiffs as the stay will be short. Similarly, while the public has an interest in having this case resolved, a short delay will not adversely affect that interest.

Thus, proceedings in this case are stayed pending resolution of defendants' petition for writ of certiorari.

DATED at Anchorage, Alaska, this 10th day of December, 2020.

/s/ H. Russel Holland
United States District Judge