Matthew Singer
Peter A. Scully
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

*Attorneys for the City of Fairbanks*

Joseph W. Evans
LAW OFFICES OF JOSEPH W. EVANS
P.O. Box 519
Bremerton, WA 98310-0241
Telephone: (360) 782-2418
Facsimile: (360) 782-2419

*Attorney for Officer Defendants*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS, GEORGE FRESE, KEVIN PEASE, and EUGENE VENT, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FAIRBANKS, JAMES GEIER, CLIFFORD AARON RING, CHRIS NOLAN, DAVE KENDRICK, DOE OFFICERS 1-10, and DOE SUPERVISORS 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:17-cv-00034-HRH <br> ) Case No. 4:17-cv-00035-HRH <br> ) <br> ) *Consolidated Cases* |

**DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO PLAINTIFFS' SECOND AMENDED AND CONSOLIDATED COMPLAINT**

PDX\MSI\30053943.2

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 1 of 37

Defendant City of Fairbanks (the "City"), by and through its attorneys, Schwabe, Williamson & Wyatt, P.C.; and James Geier ("Geier"), Clifford Aaron Ring ("Ring"), Chris Nolan ("Nolan"), and Dave Kendrick ("Kendrick"), by and through their attorney Joseph W. Evans, (all defendants collectively "Defendants") hereby answer Plaintiffs' Second Amended and Consolidated Complaint as follows:

## **INTRODUCTION**

1.      Defendants admit that John Hartman was murdered in Fairbanks on October 11, 1997.  All other allegations in this paragraph are denied.

2.      Defendants admit that Plaintiffs have been referred to collectively as the Fairbanks Four.  All other allegations in this paragraph are denied.

3.      Defendants are without information sufficient to admit or deny the allegations in paragraph 3 and therefore deny the same.

4.      Defendants are without information sufficient to admit or deny the allegations in paragraph 4 and therefore deny the same.

5.      Defendants are without information sufficient to admit or deny the allegations in paragraph 5 and therefore deny the same.

6.      Defendants are without information sufficient to admit or deny the allegations in paragraph 6 and therefore deny the same.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 2 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 2 of 37

7.    Admit[1] that Fairbanks police officers identified plaintiffs as suspects in John Hartman's murder.    Admit that Vent and Frese confessed to murdering John Hartman.    Admit that each plaintiff was convicted by a jury of John Hartman's murder and spent approximately 18 years in custody.    Admit that on December 17, 2015, plaintiffs' convictions were vacated and their indictments were dismissed pursuant to negotiated settlement agreements.    All other allegations in this paragraph are denied.

## JURISDICTION AND VENUE

8.    Admit that plaintiffs have brought this action pursuant to 42 U.S.C. § 1983. All other allegations and implications in this paragraph are denied.

9.    Admit.

10.    Admit.

11.    Admit.

## JURY DEMAND

12.    This paragraph does not set forth any allegations of fact for which an answer is required.

## PARTIES

13.    Admit.

14.    Admit.

---

[1]    Unless response identifies otherwise, responses are made on behalf of all Defendants.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 3 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG    Document 103    Filed 04/23/21    Page 3 of 37

15.     Admit.

16.     Admit.

17.     Admit that the City is a Home Rule, First Class City and Municipal Corporation organized under the laws of the State of Alaska.  Admit that the City employed Geier from March 1, 1993 to March 1, 2018; Ring from April 1, 1981 to May 2004; Nolan beginning in January 2000, but that he only worked on the Hartman case starting in 2011; and Kendrick from 1975 to April 2005.  Admit that the City is responsible for the policies, practices, and customs of the Fairbanks Police Department ("FPD").  All other allegations in this paragraph are denied.

18.     Admit that Geier held the positions of Officer, Investigator, and Lieutenant during his employment with FPD from March 1, 1993 to March 1, 2018.  Deny that Geier is currently employed as an FPD Lieutenant.  Admit that Plaintiffs are suing Geier in his individual capacity.  The remaining allegations in Paragraph 18 are not stated with sufficient particularity to permit Defendants to respond, and Defendants therefore deny the same.

19.     Admit that Ring was an FPD Detective from 1996 to 2004.  Admit that Plaintiffs are suing Detective Ring in his individual capacity.  The remaining allegations in Paragraph 19 are not stated with sufficient particularity to permit Defendants to respond, and Defendants therefore deny the same.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 4 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 4 of 37

20.    Admit that Nolan was an FPD Detective from June 2004 until May 2015. Admit that Plaintiffs are suing Detective Nolan in his individual capacity. The remaining allegations in Paragraph 20 are not stated with sufficient particularity to permit Defendants to respond, and Defendants therefore deny the same.

21.    Admit that Kendrick was an FPD Sergeant from 1995 to 1998. Admit that Kendrick was Detective Ring and Geier's supervisor during 1997, but deny he approved each investigative step taken or police report prepared by Ring and Geier. Admit that Plaintiffs are suing Sergeant Kendrick in his individual capacity. The remaining allegations in Paragraph 21 are not stated with sufficient particularity to permit Defendants to respond, and Defendants therefore deny the same.

22.    Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny the same.

## **FACTS**

23.    Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny the same.

24.    Defendants deny the allegations in Paragraph 24.

25.    Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny the same.

26.    Defendants deny the allegations in Paragraph 26.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 5 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG    Document 103    Filed 04/23/21    Page 5 of 37

27.     Admit that Wallace asserted his Fifth Amendment rights when questioned under oath about the killing of John Hartman. Admit the State of Alaska granted Wallace transactional immunity prior to his testimony at Plaintiffs' post-conviction hearing. Admit that Wallace denied killing Hartman during his testimony at the post-conviction hearing. All other allegations in this paragraph are denied.

28.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny the same.

29.     Admit that Wallace confessed to and was convicted of murder, arson, and third degree assault after October 11, 1997. Deny that Wallace murdered John Hartman, or that the crimes for which Wallace was convicted were "in addition to" the murder of John Hartman. Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 29 and therefore deny the same.

30.     Admit that Holmes and Brown were convicted of committing murders after October 11, 1997. All other allegations in this paragraph are denied.

31.     Admit that on October 13, 1997, Daniel Huntington told Geier that two days prior an elderly Alaska Native man claimed that four African American men tried to assault him. All other allegations in this paragraph are denied.

32.     Admit that Geier was not the investigator assigned to investigate the statement by Daniel Huntington. Admit Geier did not author a report provided to Alaska

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 6 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 6 of 37

State Troopers when they began investigating. All other allegations in this paragraph are denied.

33. Admit Rubin Sam told investigator that Robert John told him a group of African American men had jumped out of a small red car and tried to assault him. All other allegations in this paragraph are denied.

34. Defendants deny the allegations in Paragraph 34.

35. Admit Ronald Stickman reported to investigator that he saw three African American teenagers running away from an Indian man lying on the sidewalk. All other allegations in this paragraph are denied.

36. Defendants deny the allegations in Paragraph 36.

37. Admit Elijah "Don" Moses reported he was the victim of an attempted mugging the night of the Hartman murder. All other allegations in Paragraph 37 are denied.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Admit Ring and Geier were investigators. Admit Kendrick was present during Frese interview. All other allegations in Paragraph 40 are denied.

41. Admit Vent was arrested for assault and that a gun was not found in his possession. All other allegations in Paragraph 41 are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 7 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 7 of 37

42.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 42 and therefore deny the same.

43.     Admit that Vent was arrested near the location where Hartman's body was found.  All other allegations in this paragraph are denied.

44.     Ring admits that he initially interviewed Vent as a result of an altercation at or around the Alaska Motor Inn.  The remaining defendants are without information sufficient to admit or deny the allegations in the first sentence of paragraph 44 and therefore deny the same.  Ring denies all other allegations in this paragraph.

45.     Admit Ring conducted interviews of Vent.  All other allegations in this paragraph are denied.

46.     Defendants deny the allegations in Paragraph 46.

47.     Ring admits Vent called his mother.  Defendants are without information sufficient to admit or deny Vent's prior experience with police interrogation or Vent's mental comprehension of the interview and therefore deny the same.  All other allegations in this paragraph are denied.

48.     Ring admits inquiring if it were possible that any witnesses saw Vent at the scene.  Ring denies all other allegations in the paragraph.  The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 48, and therefore deny the same.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 8 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 8 of 37

49.     Admit that Vent confessed to murdering John Hartman.   All other allegations in this paragraph are denied.

50.     Ring admits that Vent placed the "X" where the assault occurred on a diagram drawn by Ring.  Ring denies all other allegations contained in the paragraph.  The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 50 and therefore deny the same.

51.     Ring denies the allegations contained in Paragraph 51.  The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 51 and therefore deny the same.

52.     Ring and Kendrick deny the allegations contained in Paragraph 52.  The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 52 and therefore deny the same.

53.     Kendrick and Ring admit Frese was interviewed while in the hospital with an injured foot. Kendrick and Ring deny all other allegations in this paragraph.  The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 53 and therefore deny the same.

54.     Admit that Frese made inculpatory statements about his involvement in the Hartman murder.  All other allegations in this paragraph are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 9 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 9 of 37

55. Ring denies the allegations contained in Paragraph 55. The remaining defendants are without information sufficient to admit or deny the allegations in Paragraph 55 and therefore deny the same.

56. Defendants deny all allegations contained in Paragraph 56.

57. Admit that the trial court admitted some of Frese's inculpatory statements and suppressed others. All other allegations in this paragraph are denied.

58. Defendants are without information sufficient to admit or deny the allegations in Paragraph 58 and therefore deny the same.

59. Admit that Olson reported and testified about witnessing an assault on Franklin Dayton outside of Eagles Hall. All other allegations in this paragraph are denied.

60. Ring admits that a note was left for Olson. Ring denies the remainder of the allegations contained in Paragraph 60. The remaining defendants are without information sufficient to admit or deny the allegations in paragraph 60 and therefore deny the same.

61. Defendants deny the allegations contained in Paragraph 61.

62. Kendrick denies the allegations contained in Paragraph 62. The remaining defendants are without information sufficient to admit or deny the allegations contained in Paragraph 62 and therefore deny the same.

63. The requirements of Alaska law are a legal conclusion for which no response is required. Defendants deny the allegations contained in Paragraph 63.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 10 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 10 of 37

64.    Kendrick, Ring, and Geier deny the allegations contained in Paragraph 64. Nolan and the City are without information sufficient to admit or deny the allegations contained in Paragraph 64 and therefore deny the same.

65.    Defendants deny the allegations contained in Paragraph 65.

66.    Admit recording the interview of Olson.  Deny the remaining allegations contained in Paragraph 66.

67.    Admit that Olson reported having seen Plaintiffs together in Robert's blue car when they offered him marijuana outside Eagles Hall and when they assaulted Dayton. All other allegations in this paragraph are denied.

68.    Ring admits to recording Olson's statements and providing them to the prosecution.   Ring denies all other allegations in this paragraph.   The remaining defendants are without information sufficient to admit or deny the allegations contained in Paragraph 68 and therefore deny the same.

69.    Admit that Frese and Vent gave confessions that the State of Alaska used as evidence to secure their indictments for Hartman's murder and Dayton's assault.  All other allegations in this paragraph are denied by Defendants.

70.    Geier and Ring deny the allegations in Paragraph 70.  The remaining defendants are without information sufficient to admit or deny the allegations contained in Paragraph 70 and therefore deny the same.

71.    Defendants deny the allegations in Paragraph 71.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 11 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 11 of 37

72.     Admit Olson committed suicide.  Olson's purported affidavit is a written document and its contents would speaks for itself.  Defendants lack information sufficient to admit or deny the remainder of the allegations contained in Paragraph 72 and therefore deny the same.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Admit that Mr. Hartman's murder generated public interest and that the City and FPD prioritized solving the murder.  All other allegations in this paragraph are denied.

77.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 77 and therefore deny the same.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Admit that Mr. Dayton at one point described one of his assailants as wearing white shoes.  All other allegations in this paragraph are denied.

83.     Admit that forensic evidence was collected from the crime scene and analyzed.  All other allegations in this paragraph are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 12 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 12 of 37

84. Admit that Deputy State Medical Examiner Franc Fallico testified at each Plaintiff's trial. Mr. Fallico's testimony is a matter of public record and its content speaks for itself. Deny that Mr. Fallico was an employee or agent of the City of that the City had any role in selecting witnesses for trial. All other allegations in this paragraph are denied.

85. Defendants deny the allegations in Paragraph 85.

86. Admit that Lesley Hammer testified as a part of Plaintiffs' post-conviction proceeding. Mr. Hammer's testimony is a matter of public record and its content speaks for itself. All other allegations in this paragraph are denied.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Admit that Kendrick assembled the shoe-print overlay. Defendants deny the remaining allegations in the paragraph.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Admit that Plaintiffs were each convicted of murder, robbery and assault following three separate jury trials. Admit that Roberts was sentenced to 33 years in prison, Vent was sentenced to 40 years, with 10 suspended, Frese was sentenced to 97 years, with 20 suspended, and Pease was sentenced to 70 years, with 15 suspended. Admit that Plaintiffs each served approximately 18 years in custody for the crimes for which they were convicted. All other allegations in this paragraph are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 13 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 13 of 37

93.     Admit that Jahna Lindemuth was the Alaska Attorney General at the time Plaintiffs filed their Second Amended Complaint.  Admit that Ms. Lindemuth represented Mr. Roberts in his application for post-conviction relief ("PCR") before she became Attorney General.  Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 93 and therefore deny the same.

94.     Defendants deny all allegations, inferences and implications contained in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Admit that Mr. Torquato prepared a memo purporting to memorialize statements made by William Holmes, and that the memo was subsequently forwarded to FPD.  The Torquato memo speaks for itself and is the best evidence of its contents.  All other allegations in this paragraph are denied.

97.     Admit Nolan was informally asked to look into the Holmes 2011 confession claim.  All other allegations in this paragraph are denied.

98.     Admit Nolan forgot to follow-up on an email concerning the alleged Holmes 2011 confession.  Admit FPD did not contact Holmes or Torquato between 2011 and Plaintiffs' fillings for PCR.   Deny remainder of the allegations contained in Paragraph 98.

99.     Defendants deny that Holmes's confession led to the Fairbanks Four's exonerations.  The Fairbanks Four were not exonerated but instead obtained their release

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 14 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 14 of 37

through a negotiated settlement. Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 99 and therefore deny the same.

100. Admit that Nolan told Geier about Holmes' alleged 2011 confession after Plaintiffs filed for post-conviction relief. Admit the State reviewed and was investigating the PCR allegations. Admit that Geier originally believed the Torquato memo had been found on the internet. Deny the reminder of the allegations contained in Paragraph 100, including that Plaintiffs were exonerated.

101. Admit that Mr. McPherron testified at the PCR hearing. Mr. McPherron's testimony speaks for itself and is the best evidence of its contents. Deny that Adrienne Bachman was an employee or agent of the City. Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 101 and therefore deny the same.

102. The allegations in Paragraph 102 state a legal conclusion to which no response is required. To the extent a response is required to any part of the allegations in Paragraph 102, the allegations are denied.

103. The City is continuing to investigate the allegations surrounding the submission of a records request contained in Paragraph 103. Until such time as information becomes known to the City to allow it to further respond, it denies the allegations contained in Paragraph 103. The remaining defendants are without

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 15 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 15 of 37

information sufficient to admit or deny the allegations in Paragraph 103 and therefore deny the same.

104.    Admit that FPD and an Alaska State Trooper investigator conducted a recorded interview of Takory Stern.  All other allegations in Paragraph 104 are denied.

105.    Defendants deny all allegations, implications and inferences contained in Paragraph 105.

106.    Admit that Plaintiffs applied to the Alaska Superior Court for post-conviction relief claiming there was newly discovered evidence that proved their actual innocence.  Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 106 and therefore deny the same.

107.    The allegations in Paragraph 107 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

108.    Admit that the Court denied a motion filed by the State to dismiss post-conviction relief claims related to previously litigated expert witnesses and ruled that the petitions stated a prima facie case of actual innocence.  All other allegations in Paragraph 108 are denied.

109.    Admit that the Superior Court conducted a 25-day evidentiary hearing giving Plaintiffs an opportunity to prove their actual innocence.  The testimony and evidence adduced at the hearing speaks for itself and is the best evidence of its contents.  All other allegations, implications and inferences in Paragraph 109 are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 16 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 16 of 37

110.   Defendants deny the allegations in Paragraph 110.

111.   Defendants deny the allegations in Paragraph 111.

112.   Defendants deny the allegations in Paragraph 112.

113.   The allegations in Paragraph 113 assert legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 113 are denied.

114.   Defendants deny the allegations in Paragraph 114 and the City denies that it played any role whatsoever or provided any input to the State of Alaska with respect to its handling of Plaintiffs' post-conviction relief proceedings.

115.   Defendants admits that Jason Gazewood was an attorney for Jason Wallace. All other allegations in Paragraph 115 are denied.

116.   Comments made by the presiding judge on the record at the PCR hearing are a matter of public record and speak for themselves.  The City denies that it was represented or participated at the PCR hearing.  All other allegations in Paragraph 116 are denied.

117.   Admit that the State of Alaska and Plaintiffs engaged in negotiations to settle Plaintiffs' applications for post-conviction relief.  Deny that the City participated or played any role in those negotiations until after the agreement was fully negotiated and executed by Plaintiffs and the State.  All other allegations in Paragraph 117 are denied.

118.   Defendants deny the allegations in Paragraph 118.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 17 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 17 of 37

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants are without information sufficient to admit or deny allegations pertaining to Plaintiffs' subjective expectations and therefore deny the allegations in Paragraph 120.

121.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 121 and therefore deny the same.

122.    Admit.

123.    Defendants deny the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

125.    The allegations in Paragraph 125 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 125 are denied.

126.    The allegations in Paragraph 126 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 126 are denied.

127.    The allegations in Paragraph 127 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 127 are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 18 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 18 of 37

128.    The allegations in Paragraph 128 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 128 are denied.

129.    The allegations in Paragraph 129 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 129 are denied.

130.    The allegations in Paragraph 130 state a legal conclusion to which no response is required.  To the extent a response is required, all allegations, implications and inferences contained in Paragraph 130 are denied.

131.    Defendants deny the allegations in Paragraph 131.

132.    Admit.

133.    Deny that Plaintiffs were exonerated.  Defendants are investigating the remainder of the allegations included in Paragraph 133 and until such time as Defendants have sufficient information to respond to the allegations, Defendants deny the allegations contained in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Admit that Roberts was no longer incarcerated when he signed the release dismissal agreement.  All other allegations in this paragraph are denied.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 19 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 19 of 37

138.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 138 and therefore deny the same.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 146 and therefore deny the same.

147.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 147 and therefore deny the same.

148.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 148 and therefore deny the same.

149.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 149 and therefore deny the same.

150.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 150 and therefore deny the same.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 20 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 20 of 37

151. Defendants are without information sufficient to admit or deny the allegations in Paragraph 151 and therefore deny the same.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants are without information sufficient to admit or deny the allegations in Paragraph 158 and therefore deny the same.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants are without information sufficient to admit or deny the allegations in Paragraph 160 and therefore deny the same.

161. Defendants deny the allegations in Paragraph 161.

162. Defendants deny the allegations in Paragraph 162.

163. Admit that Frese and Pease signed a settlement agreement resolving their applications for post-conviction relief. All other allegations in this paragraph are denied.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 21 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 21 of 37

164.    The allegations in Paragraph 164 state a legal conclusion to which no response is required.  To the extent as response is required, the allegations in Paragraph 164 are denied.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Admit that Superior Court Judge Lyle made comments about his role in effectuating the settlement agreement between the State and Plaintiffs.  Judge Lyle's comments are a matter of public record, speak for themselves, and are the best evidence of their contents.  Defendants otherwise deny the allegations in Paragraph 170.

171.    Admit.

172.    The allegations in Paragraph 172 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

173.    Defendants deny all allegations, implications and inferences contained in Paragraph 173.

174.    Defendants are without information sufficient to admit or deny the present demographic make-up of Fairbanks and therefore deny the allegations in Paragraph 174.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-HRH – PAGE 22 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 22 of 37

175.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 175 at this time and therefore deny the same.

176.    Defendants are investigating these allegations but are currently without information sufficient to admit or deny the allegations in Paragraph 176 and therefore deny the same.

177.    Admit that Mike Pulice was the Public Safety Director for the City of Fairbanks in 1997.  All other allegations in this paragraph are denied.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Admit that James Hayes was the mayor of Fairbanks from approximately 1992 to 2001.  Admit that in 2008, James Hayes was convicted of several crimes involving conduct that occurred between 2001 and 2005 when he was no longer mayor, and was

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 23 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 23 of 37

sentenced to 66 months in federal prison. All other allegations, implications and inferences in this paragraph are denied.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Defendants deny the allegations in Paragraph 190.

191. Defendants deny the allegations in Paragraph 191.

192. Defendants deny the allegations in Paragraph 192.

193. Defendants deny the allegations in Paragraph 193.

194. Defendants deny the allegations in Paragraph 194.

195. Admit that Ronald Otte is a former APD Police Chief and Commissioner of Public Safety. Admit that Mr. Otte wrote an op-ed that was published by the Alaska Dispatch News on or about December 14, 2015. The op-ed speaks for itself and is the best evidence of its contents. All other allegations, implications, and inferences in this paragraph and in Mr. Otte's op-ed are denied.

196. Admit that Mr. Otte wrote an op-ed that was published by the Alaska Dispatch News on or about December 14, 2015. The op-ed speaks for itself and is the best evidence of its contents. All other allegations, implications, and inferences in this paragraph and in Mr. Otte's op-ed are denied.

197. Admit that former FPD Chief Randall Aragon resigned on or about October 28, 2016, while the City was investigating whether his secondary employment as a private

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 24 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 24 of 37

security consultant created a conflict of interest. All other allegations, implications and inferences in this paragraph are denied.

198. Defendants deny the allegations in Paragraph 198.

199. Admit Ring shot and killed Henry H. Kettendorf, an Alaska Native, in the line of duty in 1995. Deny all other allegations.

200. Defendants admit that Julie Miller identified the shooter as a person in a red jacket from a block away. Defendants deny all allegations contained in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201.

202. Admit that a jury found the shooting of Mr. Kettendorf to be justified. All other allegations, implications and inferences in this paragraph are denied.

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Admit that while arresting Kim Holcomb for trespassing after she refused to leave a medical office, Ring unintentionally fractured Kim Holcomb's wrist. Deny all other allegations contained in Paragraph 208.

209. Defendants deny the allegations in Paragraph 209.

210. Defendants deny the allegations in Paragraph 210.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 25 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 25 of 37

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

216.    Defendants deny the allegations in Paragraph 216.

217.    Defendants deny the allegations in Paragraph 217.

218.    Defendants deny there is or was disparate police treatment of Alaska Natives in general, or of Plaintiffs in particular. Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 218 and therefore deny the same.

219.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 219 and therefore deny the same.

220.    Defendants are without information sufficient to admit or deny the allegations in Paragraph 220 and therefore deny the same.

221.    Defendants deny there is institutional racial bias within the FPD and deny that the handling of Plaintiffs' case demonstrates institutional bias. Defendants are without information sufficient to admit or deny the remaining allegations in Paragraph 221 and therefore deny the same.

222.    Defendants deny the allegations in Paragraph 222.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 26 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG    Document 103    Filed 04/23/21    Page 26 of 37

223.    The allegations in Paragraph 223 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

## DAMAGES

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

## CAUSES OF ACTION

I.    **Violation of right not to be deprived of liberty as a result of the fabrication of evidence, right to fair trial, and right not to be deprived of liberty without due process of law under 42 U.S.C. § 1983**

Defendants hereby incorporate their answers above.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 27 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 27 of 37

237.  Defendants deny the allegations in Paragraph 237.

238.  Defendants deny the allegations in Paragraph 238.

239.  Defendants deny the allegations in Paragraph 239.

## II.  Malicious Prosecution under 42 U.S.C. § 1983

Defendants hereby incorporate their answers above.

240.  Defendants deny the allegations in Paragraph 240.

241.  Defendants deny the allegations in Paragraph 241.

242.  Defendants deny the allegations in Paragraph 242.

243.  Defendants deny the allegations in Paragraph 243.

244.  Defendants deny the allegations in Paragraph 244.

245.  Defendants deny the allegations in Paragraph 245.

246.  Defendants deny the allegations in Paragraph 246.

247.  Defendants deny the allegations in Paragraph 247.

## III.  Violation of affirmative obligation to come forward with exculpatory evidence under 42 U.S.C. § 1983 under *Brady v. Maryland* and deprivation of Plaintiffs' due process rights.

Defendants hereby incorporate their answers above.

248.  The allegations in Paragraph 248 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  All factual allegations in Paragraph 248 are denied.

249.  Defendants deny the allegations in Paragraph 249.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 28 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 28 of 37

250.  Defendants deny the allegations in Paragraph 250.

251.  Defendants deny the allegations in Paragraph 251.

252.  Defendants deny the allegations in Paragraph 252.

253.  Defendants deny the allegations in Paragraph 253.

## IV.  Supervisory liability under 42 U.S.C. § 1983

Defendants hereby incorporate their answers above.

254.  Defendants deny the allegations in Paragraph 254.

255.  Defendants deny the allegations in Paragraph 255.

256.  Defendants deny the allegations in Paragraph 256.

257.  Defendants deny the allegations in Paragraph 257.

258.  Defendants deny the allegations in Paragraph 258.

259.  The allegations in Paragraph 259 state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  All factual allegations in Paragraph 259 are denied.

## V.  Civil rights conspiracy claim under 42 U.S.C. § 1983

Defendants hereby incorporate their answers above.

260.  Defendants deny the allegations in Paragraph 260.

261.  Defendants deny the allegations in Paragraph 261.

262.  Defendants deny the allegations in Paragraph 262.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 29 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 29 of 37

## VI.  42 U.S.C. § 1985(3) Conspiracy

Defendants hereby incorporate their answers above.

263.  Defendants deny the allegations in Paragraph 263.

264.  Defendants deny the allegations in Paragraph 264.

265.  Defendants deny the allegations in Paragraph 265.

## VII.  Claim against the City of Fairbanks under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*

Defendants hereby incorporate their answers above.

266.  Defendants deny the allegations in Paragraph 266.

267.  Defendants deny the allegations in Paragraph 267.

268.  Defendants deny the allegations in Paragraph 268.

269.  Defendants deny the allegations in Paragraph 269.

270.  Defendants deny the allegations in Paragraph 270.

271.  Defendants deny the allegations in Paragraph 271.

## VIII.  Violation of right to access the courts under 42 U.S.C. § 1983 and the Alaska Constitution

Defendants hereby incorporate their answers above.

272.  Defendants deny the allegations in Paragraph 272.

273.  Defendants deny the allegations in Paragraph 273.

## IX.  As to Vent and Frese, Violation of Fifth Amendment right not to be prosecuted based on coerced or fabricated self-incriminatory statements

Defendants hereby incorporate their answers above.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 30 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

274.    Defendants deny the allegations in Paragraph 274.

275.    Defendants deny all allegations, implications and inferences contained in Paragraph 275.

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants deny the allegations in Paragraph 277.

**X.    Spoliation of evidence under Alaska law**

Defendants hereby incorporate their answers above

278.    Defendants deny the allegations in Paragraph 278.

279.    Defendants deny the allegations in Paragraph 279.

280.    Defendants deny the allegations in Paragraph 280.

**XI.    Negligence under Alaska law**

281.    Plaintiffs' negligence claims have been dismissed with prejudice, and therefore no response is required to the allegations in Paragraph 281.  To the extent a response is required, the allegations are denied.

282.    Plaintiffs' negligence claims have been dismissed with prejudice, and therefore no response is required to the allegations in Paragraph 282.  To the extent a response is required, the allegations are denied.

**XII.    Intentional or Reckless Infliction of Emotional Distress under Alaska law**

283.    Plaintiffs' intentional and reckless infliction of emotional distress claims have been dismissed with prejudice, and therefore no response is required to the

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 31 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 31 of 37

allegations in Paragraph 283. To the extent a response is required, the allegations are denied.

284. Plaintiffs' intentional and reckless infliction of emotional distress claims have been dismissed with prejudice, and therefore no response is required to the allegations in Paragraph 284. To the extent a response is required, the allegations are denied.

285. Plaintiffs' intentional and reckless infliction of emotional distress claims have been dismissed with prejudice, and therefore no response is required to the allegations in Paragraph 285. To the extent a response is required, the allegations are denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state, in whole or in part, a claim upon which relief may be granted.

2. Fault should be allocated, in whole or in part, to Plaintiffs, the other defendants, the State of Alaska, and/or to third parties.

3. The City's actions are protected, in whole or in part, by immunity.

4. Nolan, Geier, Ring, and Kendrick's actions are protected, in whole or in part, by qualified immunity.

5. Plaintiffs' damages, if any, were caused, in whole or in part, by parties other than the City, including the State of Alaska. The City does not prosecute murder charges

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 32 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 32 of 37

or influence the prosecution of the underlying charges at issue in this dispute.

6.      Plaintiffs' damages, if any, were caused by superseding and/or intervening acts over which the City had no control or responsibility.

7.      The City was not the proximate cause of Plaintiffs' damages, if any.

8.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose, and the applicable doctrines of laches, waiver, and estoppel.

9.      No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive or exemplary damages is barred and/or limited under applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution.

10.     Defendants reserve the right to assert additional affirmative defenses as warranted after discovery.

## COUNTERCLAIM

### Breach of Contract – Specific Performance of Settlement Agreements

1.      Paragraphs 8-11 and 13-22 of the above Answer are incorporated to the extent admitted above.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 33 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 33 of 37

2.     Marvin Roberts, George Frese, Kevin Pease and Eugene Vent were convicted of the October 11, 1997 murder of John Hartman. Each of their convictions was affirmed on direct appeal. Thereafter, each Plaintiff filed multiple Petitions for Post-Conviction Relief ("PCR").

3.     In December 2015, after a PCR hearing had concluded but before a ruling was issued by the court, Plaintiffs and the State of Alaska initiated settlement discussions. Those settlement discussions lasted for a week or more before the parties and all of their counsel attended a mediation aimed at reaching a settlement. A recently-retired superior court judge served as the mediator for the parties, and valid and enforceable written settlement agreements collaboratively drafted during the mediation by counsel for each Plaintiff and the State were executed on or about December 9, 2015. Defendant City of Fairbanks later signed the Agreements.

4.     Each Plaintiff and their respective counsel willingly signed a Settlement Agreement.

5.     The Settlement Agreements were subsequently entered into the superior court record under judicial supervision.

6.     Under the terms of the Settlement Agreements, each Plaintiff covenanted not to bring any further legal action arising out of the murder of John Hartman or Plaintiff's arrest, prosecution or imprisonment and expressly waived any claims against the City and its officers.

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 34 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 34 of 37

7. Under the terms of the Settlement Agreements, the State of Alaska was obligated to dismiss the indictments against each Plaintiff with prejudice, and not seek retrial absent substantial new evidence of guilt being discovered.

8. The State of Alaska fulfilled all of its duties under the Settlement Agreements. The City is a party to and/or beneficiary of each Settlement Agreement. Defendants Nolan, Kendrick, Ring, and Geier are beneficiaries of each Settlement Agreement.

9. Plaintiffs have failed to fulfill their duties under the Settlement Agreements by taking actions directly contrary to their covenants to refrain from bringing further action against the City and its present or former employees arising out of the murder of John Hartman or Plaintiffs' arrests, prosecution or imprisonment.

10. The terms of the Settlement Agreements are sufficiently certain to support an action for specific performance. The specific performance requested is identical to that required by the Settlement Agreements.

11. The Settlement Agreements are voluntary, just and reasonable as to Plaintiffs.

12. Defendants are entitled to specific performance because there is no adequate remedy at law for Plaintiffs' breach. Money damages would be inadequate to compensate Defendants for Plaintiffs' failure to adhere to their obligation not to sue because the benefits of final resolution of a matter and litigation expense avoidance,

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM RESPONDING TO SECOND AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 35 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 35 of 37

among others, are lost when Plaintiffs are not required to adhere to their obligation not to sue Defendants.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendants request the following relief:

1.     That the Second Amended Complaint against them be dismissed with prejudice and judgment be entered for Defendants in this matter.

2.     That Defendants be awarded specific performance of the Settlement Agreements.

3.     That Defendants be awarded their costs and fees incurred in defending this action, as permitted by court rules and law.

4.     That the Court order such other and further relief as it may deem equitable and just.

DATED at Anchorage, Alaska this 23rd day of April, 2021.

SCHWABE, WILLIAMSON & WYATT PC
Attorneys for Defendant City of Fairbanks

By:     */s/Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072
Email:  msinger@schwabe.com

By:     */s/Peter A. Scully*
Peter A. Scully
Alaska Bar No. 1405043
Email:  pscully@schwabe.com

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 36 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 4:17-cv-00034-SLG   Document 103   Filed 04/23/21   Page 36 of 37

LAW OFFICE OF JOSEPH W. EVANS
Attorney for Officer Defendants

By:_____/s/Joseph W. Evans_____
     Joseph W. Evans
     Alaska Bar No. 7610089
     Email: joe@jwevanslaw.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronically on the following counsel of record:

Michael C. Kramer
Reilly Cosgrove
Kramer and Associates
mike@mikekramerlaw.com
reilly@mikekramerlaw.com

Anna B. Hoffman
Nick J. Brustin
Emma Kate Freudenberger
Katherine E. Haas
Neufeld Scheck & Brustin, LLP
anna@nsbcivilrights.com
nick@nsbcivilrights.com
emma@nsbcivilrights.com
katiehaas@rick@nsbcivilrights.com

*Attorneys for Marvin Roberts
and Eugene Vent*


_____/s/Matthew Singer_____

Jeffrey Lynn Taren
Tiffany Mae Cartwright
MacDonald, Hoague & Bayless
jeffreyt@mhb.com
tiffanyc@mhb.com

Thomas R. Wickire
tom@twickwire.com

*Attorneys for Plaintiffs George Frese
and Kevin Pease*

Joseph W. Evans
Law Offices of Joseph W. Evans
joe@jwevanslaw.com

*Attorney for Officer Defendants*

DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM RESPONDING TO SECOND
AMENDED AND CONSOLIDATED COMPLAINT
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-HRH – PAGE 37 OF 37

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125