Matthew Singer
Peter A. Scully
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900
  *Attorneys for the City of Fairbanks*

Joseph W. Evans
LAW OFFICES OF JOSEPH W. EVANS
P.O. Box 519
Bremerton, WA 98310-0241
Telephone: (360) 782-2418
Facsimile: (360) 782-2419
  *Attorney for Officer Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS, GEORGE FRESE, KEVIN PEASE, and EUGENE VENT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FAIRBANKS, JAMES GEIER, CLIFFORD AARON RING, CHRIS NOLAN, DAVE KENDRICK, DOE OFFICERS 1-10, and DOE SUPERVISORS 1-10,<br><br>Defendants. | Case No. 4:17-cv-00034-SLG<br>Case No. 4:17-cv-00035-SLG<br><br>*Consolidated Cases* |

**MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY**

PDX\PASC\31238944.1

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 1 of 15

## I. INTRODUCTION

The City of Fairbanks ( "City") and Officers Geier, Ring, Nolan and Kendrick ("Officer Defendants") move the court for an order establishing that Plaintiffs have waived attorney-client privilege with their post-conviction relief counsel by placing the voluntariness of their settlement agreements at issue, and that information about the mediation at which those settlement agreements were reached is relevant and discoverable. The Court recently bifurcated the issue of the settlement agreements' enforceability and directed the parties to submit a discovery plan within fourteen days. [Dkt. 109] The issues raised in this motion should not delay the submission of a discovery plan, but will need to be resolved in advance of depositions.

## II. STATEMENT OF FACTS

Plaintiffs were arrested, tried, and convicted in Fairbanks Superior Court of crimes associated with the murder of fifteen-year-old John Hartman. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1193-94 (9th Cir. 2020). After each of their appeals were unsuccessful, Plaintiffs filed Petitions for Post-Conviction Relief (the "PCRs") in Fairbanks Superior Court. *See id.* at 1194; (Sept. 9, 2018, Order Granting Request for Judicial Notice [Dkt. 57]); (RJN, Exh. 3 [Dkt. 43]). The PCR petitions sought to vacate Plaintiffs' convictions. (Sept. 9, 2018, Order Granting Request for Judicial Notice [Dkt. 57]); (RJN, Exh. 4 [Dkt. 43]).

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 2 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 2 of 15

In order to resolve the PCR proceedings, Plaintiffs and the State of Alaska entered into Settlement Agreements and Mutual Releases of All Claims (the "Settlements"). (Sept. 9, 2018, Order Granting Request for Judicial Notice [Dkt. 57]); (RJN, Exh. 4 [Dkt. 43]). The final settlement agreements and releases were the product of a mediation between Plaintiffs and the State, facilitated by retired Judge Niesje Steinkruger. Each Plaintiff was represented by counsel during the negotiation and drafting of the settlement agreements. The mediation was the conclusion of a settlement discussion that commenced during the PCR hearing and continued in the weeks and months after. As part of the settlement agreements, Plaintiffs expressly agreed to waive any claims arising out of their prior arrests and convictions. Nevertheless, Plaintiffs brought this lawsuit alleging various constitutional and civil rights violations stemming from their arrest, prosecution, and imprisonment. *Roberts*, 947 F.3d at 1195; (Compl. [Dkt. 1], pp. 23-34, ¶¶ 158-213); (Second Amended Compl. [Dkt. 40], pp. 1-60). They now claim that the settlement agreements and releases are not enforceable.

The Ninth Circuit has instructed that, on remand, this Court should conduct a *Rumery* analysis to determine whether the settlement agreements and releases are enforceable.[1] A *Rumery* analysis is "a case-by-case approach to determine (1) whether the agreement was entered into voluntarily, and (2) whether enforcement is in the public

---

[1] *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1205 (9th Cir 2020) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 392-93 (1987)).

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER
OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 3 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 3 of 15

interest."[2] Plaintiffs contend that the settlements are not enforceable because they did not enter into them voluntarily.

## III. ARGUMENT

### A. Plaintiffs Have Waived Attorney-Client Privilege and Work Product Protections

Plaintiffs have waived attorney-client privilege with respect to their PCR settlement negotiations by disputing the voluntariness of those settlements. Courts in the Ninth Circuit apply the *Hearn* test to determine whether an implied waiver of the attorney-client privilege has occurred.[3] Under *Hearn,* an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.[4] All three prongs are satisfied in this case.

First, Plaintiffs have asserted attorney-client privilege as a result of their affirmative acts. Specifically, they have brought this suit against the City and the Officer Defendants.

---

[2] *Roberts*, 947 F.3d at 1205.

[3] *Home Indem. Co. v. Lane Powell Moss & Miller,* 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash.1975)). *See also United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) ("We have previously held, however, that 'where a party raises a claim which in fairness requires disclosure of the protected communication, the [attorney-client] privilege may be implicitly waived.'").

[4] *Id.*

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 4 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 4 of 15

Second, through this affirmative act, Plaintiffs have put privileged information squarely at issue by claiming that they did not voluntarily execute the settlement agreements their attorneys negotiated and drafted. At least two courts have specifically found that a plaintiff puts their attorney-client communications at issue in a *Rumery* analysis by disputing the voluntariness of a release-dismissal agreement. In *Livingstone v. North Belle Vernon Borough*,[5] the Third Circuit recognized that a plaintiff places privileged information at issue if they assert they acted upon the advice of a lawyer, or that "the advice was otherwise relevant to the legal significance of the client's conduct."[6] There, the plaintiff had been represented by counsel in her criminal trial, and "her attorney played a central role in the negotiation of the release-dismissal agreement."[7] She later claimed the release-dismissal agreement was involuntary because "she did not appreciate the release-dismissal agreement's legal implications."[8] The court held that this assertion was "tantamount to a claim that her attorney did not give her accurate legal advice" and "[i]t would be unfair to allow her to make this claim without permitting the opposing parties to investigate her attorney's version of the relevant events."[9]

---

[5] *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515 (3d Cir.1996).

[6] *Id*. at 537. *Cady v. Cnty. of Arenac*, 2007 WL 4181563, at *2 (E.D. Mich. Nov. 27, 2007) (quoting *Restatement of the Law Governing Lawyers* § 130(1) (Final Draft No. 1, 1996)).

[7] *Cady*, 2007 WL 4181563, at *2.

[8] *Id*.

[9] *Id*.

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 5 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 5 of 15

Likewise, in *Cady v. Cnty. of Arenac*, the district court found that "by challenging the Deferred Prosecution Agreement as well as the voluntariness of his own signature thereupon, Plaintiff, in the words of *Livingstone* 'has effectively asserted that the advice provided to [him] is "relevant to the legal significance of [his] conduct.""'[10]

Plaintiffs have similarly placed the advice of their PCR counsel at issue in this case. Section IV of the settlement agreement is captioned "Advice of Counsel." (RJN, Exhibits 1–4 [Dkt 43-1, p. 6; Dkt. 43-2, p. 6; Dkt. 43-3, p. 6; Dkt. 43-4, p. 6]). It provides that "[t]his Agreement has been drafted by the Parties through the efforts of their respective legal counsel…. The Parties warrant that the terms of this Agreement have been carefully reviewed and that each Party understands its contents and has been advised as to the legal effect of this Agreement by legal counsel obtained by that Party." *Id.* Each Plaintiff's PCR counsel also signed a representation that they "carefully and fully explained the terms, provisions and effects of [the] Settlement Agreement and Mutual Release of All Claims with [their] client, and [the client] has represented…that he believes he understands the terms thereof and the significance of said terms." (RJN, Exhibits 1–4 [Dkt 43-1, p. 9; Dkt. 43-2, p. 9; Dkt. 43-3, p. 9; Dkt. 43-4, p. 9]).

But the Plaintiffs now allege they were "not a sophisticated party when [they] signed the release dismissal agreement because [they] had spent nearly [their] entire adult life incarcerated, which deprived [them] of educational opportunities, work experience,

---

[10] *Id.*

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 6 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG Document 111 Filed 07/19/21 Page 6 of 15

and general life experience." (Second Amended Compl. [Dkt. 40], ¶¶ 143, 156, 166). The clear implication of this allegation is that Plaintiffs want this Court to conclude that they did not fully understand the terms and significance of the release-dismissal agreement due to their alleged unsophistication. The allegation plainly puts their communications with counsel, and the extent to which they understood counsel's advice, at issue.

Plaintiffs' position also appears to be at odds with their then-counsel's view of the facts. Each of the Plaintiffs' attorneys in the PCR hearing attested that they had explained the settlement to their clients and that their clients understood the agreement. Mr. Frese and Mr. Vent's counsel, prominent Anchorage litigator Jahna Lindemuth, described the settlement in a press release by saying "Justice was done" and the settlement was "a miraculous result…"[11] Former U.S. Attorney Bob Bundy said "I could not be prouder of our team. This has been the most gratifying experience of my 44 years of practice."[12] These statements make it hard to accept Plaintiffs' contentions that their agreements were involuntary or coercive in any sense.

Plaintiffs further allege they "knew that [they] would be exonerated following the PCR hearing and the indictment[s] against [them] would be dismissed." *Id.* at ¶¶ 144, 150, 159. They contend that they only signed the settlement agreements because they did not want to wait out the appeals process while they or their co-Plaintiffs were in prison. *Id.*

---

[11] *See* https://www.dorsey.com/newsresources/news/pro-bono/2015/12/fairbanks-four.
[12] *Id.*

OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 7 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 7 of 15

at ¶¶ 136–40, 145–53, 157–63. In other words, Plaintiffs deny they executed the settlement agreements out of a concern they might lose the PCR proceeding. Of course, if Plaintiffs were motivated by such a concern, it would demonstrate they had reasons to execute the settlement agreements voluntarily, rather than for the coercive reasons they allege in their complaint. Thus, Plaintiffs have plainly put at issue their evaluation of the strengths and weaknesses of their PCR petition. That evaluation necessarily implicates the advice of Plaintiffs' PCR counsel. Accordingly, by declaring their certainty about the outcome of the PCR hearing, Plaintiffs are clearly putting the advice of counsel at issue.

Third, allowing Plaintiffs to assert the privilege would deny the City and Officer Defendants access to information that is vital to their defense. "Under *Rumery,* the advice of counsel is an explicit, and important, element of the voluntariness analysis."[13] Indeed, in *Rumery,* the plaintiff's attorney was deposed.[14] And his testimony about the advice he gave his client, and the negotiation and execution of the release-dismissal agreement, was critical to the Supreme Court's conclusion that the release-dismissal agreement was enforceable, in part because it conflicted with Rumery's version of events:

> Although Rumery's recollection of the events was quite different, the District Court found that Woods discussed the agreement with Rumery in his office for about an hour and explained to Rumery that he would forgo all civil actions if he signed the agreement. Three days later, on June 6,

---

[13] *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996). *See also*, *Town of Newton v. Rumery*, 480 U.S. 386, 394 (1987) (O'Connor, J., concurring) (citing, as one of the factors bearing on the enforceability of a release-dismissal agreement, "importantly, whether the defendant was counseled").

[14] *Rumery*, 480 U.S. at 390 (citing to deposition testimony of plaintiff's counsel).

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER
OF PRIVILEGE/CONFIDENTIALITY
ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 8 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 8 of 15

1983, Rumery returned to Woods' office and signed the agreement. The criminal charges were dropped.[15]

Because Plaintiffs contend they did not voluntarily execute the settlement agreements at issue in this case, information about the advice they received in the negotiation and execution of those agreements is vital to the City's and Officer Defendants' defense of Plaintiffs' claims.

Plaintiffs contend they have not put their PCR attorneys' advice at issue because their claim of involuntariness is not "based on allegations of inadequate advice from counsel."[16] Instead, they assert, their "claim of involuntariness is primarily based on the fact that three of the four plaintiffs were incarcerated at the time of the negotiations and faced months or years of additional incarceration if they did not sign the release-dismissal agreements, among other factors, none of which involved plaintiffs' attorneys or the adequacy of their representation." [17] But a plaintiff need not claim ineffective assistance of counsel to put their attorney's advice at issue. Instead, a plaintiff places privileged information at issue if they assert they acted upon the advice of a lawyer, or that "the advice was otherwise relevant to the legal significance of the client's conduct."[18]

---

[15] *Id*. at 390-91.

[16] Exhibit 1 to Declaration of Counsel, p. 5.

[17] *Id*., pp. 4-5.

[18] *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Cady v. Cnty. of Arenac*, 2007 WL 4181563, at *2 (E.D. Mich. Nov. 27, 2007) (quoting *Restatement of the Law Governing Lawyers* § 130(1) (Final Draft No. 1, 1996)).

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 9 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 9 of 15

Plaintiffs have clearly done that here for the reasons stated above. Moreover, Plaintiffs do not assert that their claim of involuntariness is based *exclusively* on the fact of their ongoing incarceration. Instead, they qualify their argument, asserting that their ongoing incarceration was the "primary" factor, "among others." To be sure, whether a plaintiff was in custody at the time he or she executes a release-dismissal agreement is one relevant factor in *Rumery's* voluntariness analysis.[19] But custody is not dispositive. Instead, *Rumery* requires a multi-factor balancing test in which "the advice of counsel is an explicit, and important, element…." [20] Plaintiffs' position appears to be that Defendants are only entitled to discovery regarding those *Rumery* factors that are helpful to Plaintiffs' case. That position impermissibly narrows the scope of the required analysis, and unfairly inhibits Defendants' ability to prove that Plaintiffs acted voluntarily. The Court's *Rumery* analysis should be informed by all pertinent facts, not just those selected by Plaintiffs.

### B. Information About Plaintiffs' Mediation with the State is Relevant and Discoverable

On information and belief, Plaintiffs reached their final settlement agreements with the State via mediation with retired judge Niesje Steinkruger. Judge Steinkruger is uniquely positioned as the only neutral percipient witness to the negotiations and circumstances under which the settlement agreements were reached. Plaintiffs have

---

[19] *See Lynch v. City of Alhambra*, 880 F.2d 1122 (9th Cir. 1989)).

[20] *Livingstone*, 91 F.3d at 537. *See also*, *Town of Newton v. Rumery,* 480 U.S. 386, 394 (1987) (O'Connor, J., concurring) (citing, as one of the factors bearing on the enforceability of a release-dismissal agreement, "importantly, whether the defendant was counseled").

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER
OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 10 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 10 of 15

objected that Judge Steinkruger cannot be made to testify because the mediation was confidential. But confidentiality is not an evidentiary privilege. And Judge Steinkruger's observations regarding the parties' settlement negotiations are highly relevant and plainly discoverable under Civil Rule 26.

The scope of discovery is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[21]

Judge Steinkruger's observations easily satisfy these criteria. First, the information she possesses about the mediation is not privileged because the Ninth Circuit has not recognized a federal mediation privilege.[22] While there is a mediation privilege for court-ordered mediations under Alaska Civil Rule 100, that privilege does not apply because the PCR mediation was not court-ordered,[23] and because state law privileges do not apply to this action in federal court.[24] And even if a mediation privilege existed, Plaintiffs have

---

[21] Fed. R. Civ. P. 26(b)(1).

[22] *See Wilcox v. Arpaio*, 753 F.3d 872, 877 (9th Cir. 2014) ("We thus need not determine whether a mediation privilege should be recognized under federal common law and, if so, the scope of such a privilege. *See id.* (finding no need to 'consider whether a federal mediation privilege exists')").

[23] *See* Alaska R. Civ. P. 100(a), (g).

[24] *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016) ("Where there are federal question claims and pendent state law claims present [in federal

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 11 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 11 of 15

waived it by making specific allegations about the course of their settlement negotiations with the State.[25]

Second, the information Judge Steinkruger possesses is patently relevant to Plaintiffs' contention that they did not voluntarily enter the settlement agreements.[26] The information is also patently relevant to specific allegations contained in their complaint. For example, Plaintiffs allege that the City and the Officer Defendants conspired with State prosecutors to "force [them] to sign an unlawful release-dismissal agreement." (Second Amended Compl. [Dkt. 40], p. 27). Judge Steinkruger will presumably have discoverable information about what role, if any, the City and its individual officers played in the settlement negotiations, and about her personal observations as to the circumstances under which the Plaintiffs executed the agreements at mediation. Plaintiffs also allege that:

> Throughout the negotiations for the release dismissal agreement it was understood by all parties that the State knew Plaintiffs were innocent and had been deprived of their constitutional rights. The sole reason for requiring them to sign a release dismissal agreement was to protect Defendants against any civil rights action. (Second Amended Compl. [Dkt. 40], ¶ 118).

---

court], the federal law of privilege applies."). *See also Helmericks v. Peak Tr. Co.*, 2020 WL 5814200, at *8 (Alaska 2020) (suggesting that, notwithstanding Alaska R. Civ. P. 100, mediator statements may be admissible under Evidence Rule 408 if "offered for another purpose.").

[25] *See, e.g.*, Second Amended Compl. [Dkt. 40] at ¶¶ 118, 119, 131, 171.

[26] *See* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 408[04] (1990)) ("If the acceptance of the compromise results in an enforceable contract, which is subsequently repudiated, the aggrieved party can obviously, in a suit on the contract, prove the offer of the compromise, its acceptance, and the surrounding circumstances.").

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 12 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 12 of 15

They similarly allege that "[t]hroughout the negotiations for the release dismissal agreement, it was understood by all parties involved that the State was attempting to suppress valid complaints of official abuse." (Second Amended Compl. [Dkt. 40], ¶ 119). By making specific allegations about the course of the settlement negotiations, Plaintiffs have made Judge Steinkruger's observations relevant and waived any privilege that might otherwise attach.[27] Judge Steinkruger, for example, is likely be an independent, neutral witness who can verify that the State was optimistic about its chances of success in the PCR hearing.

Third, the information is proportional to the needs of the case. The enforceability of Plaintiffs' settlement agreements is potentially dispositive to this case, and Judge Steinkruger is the only neutral, percipient witness to Plaintiffs' settlement negotiations. She is uniquely positioned to offer testimony relevant to those negotiations that the City cannot obtain elsewhere. The burden imposed on her and the parties would be minimal,

---

[27] Information need not be admissible to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). But here, there is no compelling argument against the admissibility of Judge Steinkruger's testimony in any event. Evidence Rule 408 renders negotiation evidence inadmissible if offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." But Judge Steinkruger's testimony would not be offered for that purpose. It would be offered to prove the enforceability of the agreement the parties reached to resolve disputed claims. *See Home Shopping Network, Inc. v. Happy Mind, Inc.*, 931 F.2d 886 (4th Cir. 1991) ("While Rule 408 does bar the use of settlement negotiations *and* agreements as evidence of liability on the underlying claim…it does not bar such evidence in a contract claim on the settlement agreement itself. 'If the acceptance of the compromise results in an enforceable contract, which is subsequently repudiated, the aggrieved party can obviously, in a suit on the contract, prove the offer of the compromise, its acceptance, and the surrounding circumstances.'") (quoting 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 408[04] (1990)).

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER
OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 13 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 13 of 15

especially compared to the tens of millions of dollars that Plaintiffs are seeking in damages from the City.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should enter an order establishing that (i) Plaintiffs have waived attorney-client privilege with their PCR counsel related to the negotiation, drafting, and execution of Plaintiffs' settlement agreements with the State of Alaska, including as to advice by counsel as to the likely outcomes of the PCR hearing and reasons for settlement; and (ii) information about Plaintiffs' mediation with the State, including the testimony of Judge Steinkruger, is relevant and discoverable.

DATED at Anchorage, Alaska this 19th day of July, 2021.

        SCHWABE, WILLIAMSON & WYATT PC
        Attorneys for Defendant City of Fairbanks

        By: */s/Matthew Singer*
            Matthew Singer
            Alaska Bar No. 9911072

        By: */s/Peter A. Scully*
            Peter A. Scully
            Alaska Bar No. 1405043
            Email: pscully@schwabe.com

        LAW OFFICE OF JOSEPH W. EVANS
        Attorney for Officer Defendants

        By: */s/Joseph W. Evans*
            Joseph W. Evans
            Alaska Bar No. 7610089
            Email: joe@jwevanslaw.com

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 14 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 14 of 15

CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronically on the following counsel of record:

| | |
|---|---|
| Michael C. Kramer<br>Reilly Cosgrove<br>Kramer and Associates<br>mike@mikekramerlaw.com<br>reilly@mikekramerlaw.com | Jeffrey Lynn Taren<br>Tiffany Mae Cartwright<br>MacDonald, Hoague & Bayless<br>jeffreyt@mhb.com<br>tiffanyc@mhb.com |
| Anna B. Hoffman<br>Nick J. Brustin<br>Katherine E. Haas<br>Emma Freudenberger<br>Christina C. Matthias<br>Neufeld Scheck & Brustin, LLP<br>anna@nsbcivilrights.com<br>nick@nsbcivilrights.com<br>katiehaas@nsbcivilrights.com<br>emma@nsbcivilrights.com<br>cmatthias@nsbcivilrights.com | Thomas R. Wickwire<br>tom@twickwire.com<br><br>*Attorneys for Plaintiffs George Frese and Kevin Pease*<br><br>Joseph W. Evans<br>Law Offices of Joseph W. Evans<br>joe@jwevanslaw.com<br><br>*Attorney for Officer Defendants* |
| *Attorneys for Marvin Roberts and Eugene Vent* | |

         */s/Matthew Singer*

MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH WAIVER OF PRIVILEGE/CONFIDENTIALITY
*ROBERTS, ET AL. V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG/4:17-CV-00035-SLG – PAGE 15 OF 15

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 111   Filed 07/19/21   Page 15 of 15