# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF FAIRBANKS, *et al.*,<br><br>        Defendants. | **Case No. 4:17-cv-00034-SLG**<br><br>CONSOLIDATED |
| EUGENE VENT, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF FAIRBANKS, *et al.*,<br><br>        Defendants. | Case No. 4:17-cv-00035-SLG |

## ORDER RE OUTSTANDING MOTIONS

Before the Court at Docket 110 is Defendants' Motion to Establish Waiver of Privilege/Confidentiality.[1] Plaintiffs responded at Docket 117, to which Defendants replied at Docket 119.[2] Also before the Court at Docket 114 is Plaintiffs' Motion to Re-designate Counterclaim, Require Amendment, or Strike Defense. Defendants responded at Docket 124, to which Plaintiffs replied at

---

[1] Defendants are the City of Fairbanks, James Geier, Clifford Aaron Ring, Chris Nolan, Dave Kendrick, Doe Officers 1–10, and Doe Supervisors 1–10.

[2] Plaintiffs are Marvin Roberts, Eugene Vent, George Frese, and Kevin Pease.

Docket 125. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

The factual allegations of this case have been set forth in detail in the Court's July 19, 2021 order and are included here only as necessary.[3] On July 19, 2021, the Court granted Defendants' motion to bifurcate the issue of the enforceability of the release-dismissal agreements and stay the remainder of the case.[4] Also on July 19, 2021, Defendants moved for an order "establishing that Plaintiffs have waived attorney-client privilege and work product protections with their post-conviction relief counsel . . . and that information about the mediation . . . is relevant and discoverable."[5] On July 29, 2021, the parties submitted a proposed discovery plan that provided that "[u]pon resolution of the pending motion regarding attorney-client privilege and receipt of responses to initial written discovery and subpoenas, the parties will schedule depositions."[6] On August 2, 2021, Plaintiffs moved for an order "re-designating the Counterclaim set out in Defendants' Answer as the

---

[3] Docket 109 (Order).

[4] Docket 109 (Order).

[5] Docket 110 at 1–2 (Defs. Mot.).

[6] Docket 113 at 2, ¶ 3. On August 3, 2021, the Court adopted that discovery plan. *See* Docket 118.

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 2 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 2 of 19

affirmative defense of release" or "requiring the Defendants to Amend their Answer to add the affirmative defense of the release or waive that defense."[7]

## DISCUSSION

### I. Waiver of Attorney-Client Privilege and Work Product Protection

The Ninth Circuit "employs a three-pronged test to determine whether a waiver [of attorney-client privilege] has been effected."[8] Under that test, "an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense."[9]

Defendants maintain that "Plaintiffs have waived attorney-client privilege with respect to their PCR [post-conviction relief] settlement negotiations by disputing the voluntariness of those settlements."[10] Defendants assert that the first prong is satisfied because Defendants "have brought suit against the City and the

---

[7] Docket 114 at 2 (Pltfs. Mot.).

[8] *United States v. Almani*, 169 F.3d 1189, 1195 (9th Cir. 1999).

[9] *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

[10] Docket 111 at 4 (Defs. Mem. in Supp.).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 3 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 3 of 19

Officer Defendants."[11]  Defendants further contend that the second prong is satisfied because "Plaintiffs have put privileged information squarely at issue by claiming that they did not voluntarily execute the settlement agreements their attorneys negotiated and drafted."[12]  According to Defendants, by claiming that they were not "sophisticated" parties when signing the release-dismissal agreement and by claiming that they were not motivated "out of a concern they might lose the PCR proceeding," Plaintiffs have placed the advice "and the extent to which they understood counsel's advice" at issue.[13]  Regarding the third prong, Defendants assert that "[u]nder *Rumery*, the advice of counsel is an explicit, and important, element of the voluntariness analysis," and thus "information about the advice [Plaintiffs] received in the negotiation and execution of those agreements is vital to the City's and Officer Defendants' defense of Plaintiffs' claims."[14]

Plaintiffs respond that they "make no claim that they entered into the release-dismissal agreement without being advised of its 'legal implications' or because of faulty 'advice provided to' them."[15]  Plaintiffs assert that "the attorneys

---

[11] Docket 111 at 4 (Defs. Mem. in Supp.).

[12] Docket 111 at 5 (Defs. Mem. in Supp.).

[13] Docket 111 at 5–8 (Defs. Mem. in Supp.).

[14] Docket 111 at 8–9 (Defs. Mem. in Supp.) (quoting *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996)).

[15] Docket 117 at 4 (Pltfs. Opp.).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 4 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 4 of 19

could easily and fully answer [] questions" regarding the fact of representation and whether the attorneys helped draft the agreements "without disclosing any privileged communications."[16] Additionally, Plaintiffs contend that inquiry into their confidence in their eventual exoneration "strays far from the core of this allegation, which is that the 'state prosecutors were threatening to delay the outcome of the PCR proceedings for as long as possible.'"[17] Plaintiffs add that "they have alleged sources for this belief outside of any communications with their attorneys," and thus, "disclosure of all their [attorneys'] opinions and advice regarding all the issues in the postconviction case is [not] 'information vital to [the] defense.'"[18]

In their reply, Defendants clarify that they "are not seeking an 'open-ended, complete abrogation of [Plaintiffs'] right to attorney-client confidentiality,'" but rather are asserting "that Plaintiffs have waived attorney-client privilege and attorney-work-product privilege only with their PCR counsel, and only regarding the negotiation and execution of their settlement agreements."[19] Defendants assert that "the actual allegations of fact in Plaintiffs' complaint show that their claims of involuntariness and coercion are necessarily based on beliefs that had

---

[16] Docket 117 at 6 (Pltfs. Opp.).

[17] Docket 117 at 7 (Pltfs. Opp.) (quoting Docket 74 at 16).

[18] Docket 117 at 7 (Pltfs. Opp.) (third alteration in original) (quoting *Home Indem. Co. v. Lane Powell*, 34 F.3d at 1326).

[19] Docket 119 at 3 (Defs. Reply) (quoting Docket 117 at 2).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 5 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 5 of 19

to be informed by their attorney's advice," and therefore "necessarily implicate their communications with PCR counsel, especially as they relate to their prospects in the PCR hearing, the costs and benefits of settling with the State, and the relative pros and cons of an 'all or nothing' settlement involving all four men."[20]

The parties do not appear to dispute that the first factor is satisfied by Plaintiffs having filed this suit. As for the second factor, the Court finds that Plaintiffs have put the privileged communications between Plaintiffs and their PCR counsel regarding the negotiation and execution of the release-dismissal agreements at issue in this litigation. The Court agrees with Plaintiffs that *Livingstone v. North Belle Vernon Borough*, cited by Defendants, does not provide the perfect analog for this case in that the plaintiff in *Livingstone* had alleged that "she did not appreciate the release-dismissal agreement's legal implications."[21] However, similar to *Livingstone*, the advice of counsel here "is an explicit, and important, element" underlying Plaintiffs' arguments that the agreements were executed involuntarily under *Rumery*.[22] For example, Plaintiffs allege that they knew that they would succeed in the PCR proceedings.[23] Whether Plaintiffs truly believed that they would eventually succeed in their PCR proceedings would

---

[20] Docket 119 at 4–7 (Defs. Reply).

[21] 91 F.3d at 537.

[22] *Id.*

[23] *See* Docket 40 at 34, 35, ¶¶ 150, 159 (Second Amended Complaint ("SAC")).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 6 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 6 of 19

undoubtedly be influenced by their PCR counsel's advice; this is particularly true because Plaintiffs have described themselves as "not sophisticated," which would likely increase their reliance on counsel.[24] If Plaintiffs' counsel advised that they were likely to lose the PCR proceedings, that could potentially undermine Plaintiffs' argument that they were coerced into signing the agreements by the threat of "remain needlessly in prison while the prosecutors fruitlessly pursued every legal mechanism to delay [their] release."[25] And while Plaintiffs assert that this "chain of inferences strays far from the core of this allegation," the Court disagrees and finds it is a legitimate defense to explore to rebut Plaintiffs' version of the events and provide an alternative, non-coercive motivation of Plaintiffs.[26] Plaintiffs' allegation that they felt that they "had no choice but to sign" similarly implicates the advice of their counsel during the bargaining process.[27] Moreover, Defendants should be able to explore whether the idea of a "package deal" of agreements originated from Plaintiffs or their counsel, as that could undermine Plaintiffs' allegation that they were unfairly coerced by the presentation of an "all-or-nothing deal."[28]

---

[24] Docket 40 at 32, 35, 37, ¶¶ 143, 162, 166 (SAC).

[25] Docket 40 at 34, ¶ 152 (SAC); *see also* Docket 40 at 36, ¶ 161 (SAC).

[26] Docket 117 at 7 (Pltfs. Opp.).

[27] Docket 40 at 32, 34, 36, ¶ 140, 152, 161 (SAC).

[28] Docket 119 at 6 (Defs. Reply); Docket 40 at 36, ¶ 162 (SAC).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 7 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 7 of 19

Regarding the third factor, the Court finds that the information is vital to Defendants' position on the enforceability of the release-dismissal agreements. Defendants carry the burden under *Rumery* of establishing that the agreements were executed voluntarily, a potentially dispositive issue. As explained above, many of Plaintiffs' arguments regarding the voluntariness of the release-dismissal agreements directly implicate the advice they received from counsel. If Plaintiffs are able to assert the privilege as to that advice, Defendants would be foreclosed from seeking important information regarding a requisite element of their claim.

Accordingly, the Court finds that Plaintiffs have waived their attorney-client and work product privileges with regard to the negotiation and execution of the release-dismissal agreements involving their PCR counsel.

## II. Testimony of Judge Steinkruger

Defendants also seek to depose retired Judge Niesje Steinkruger, who facilitated the mediation that produced the final settlement agreements.[29] According to Defendants, "Judge Steinkruger is uniquely positioned as the only neutral percipient witness to the negotiations and circumstances under which the settlement agreements were reached."[30] Defendants note that "the Ninth Circuit has not recognized a federal mediation privilege" and that Alaska "state law

---

[29] Docket 111 at 10 (Defs. Mem. in Supp.)

[30] Docket 111 at 10 (Defs. Mem. in Supp.).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 8 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 8 of 19

privileges do not apply to this action in federal court."[31] Moreover, Defendants assert that "Judge Steinkruger will presumably have discoverable information about what role, if any, the City and its individual officers played in the settlement negotiations, and about her personal observations as to the circumstances under which the Plaintiffs executed the agreements at mediation" and "is likely [to] be an independent, neutral witness who can verify that the State was optimistic about its chances of success in the PCR hearing."[32] Defendants also maintain that "the information is proportional to the needs of the case" because "enforceability of Plaintiffs' settlement agreements is potentially dispositive" and because the "burden imposed on [Judge Steinkruger] and the parties would be minimal" in comparison to "the tens of millions of dollars that Plaintiffs are seeking in damages from the City."[33]

Plaintiffs respond that "[a]lthough there may not be a binding legal bar to requiring a judge to testify on these matters, the Court plainly has discretion to allow or disallow it under [Federal Rule of Civil Procedure] 26(c) and [Federal Rule of Evidence] 403."[34] According to Plaintiffs, Defendants offer "no reason to believe

---

[31] Docket 111 at 11 (Defs. Mem. in Supp.) (citing *Wilcox v. Arpaio*, 753 F.3d 872, 877 (9th Cir. 2014); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016)).

[32] Docket 111 at 12–13 (Defs. Mem. in Supp.).

[33] Docket 111 at 13–14 (Defs. Mem. in Supp.).

[34] Docket 117 at 9 (Pltfs. Opp.).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 9 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 9 of 19

that Judge Steinkruger has unique knowledge or insight on any of the subjects it identifies."[35] Moreover, Plaintiffs stress that "Judge Steinkruger was not only the assigned settlement conference judge, she also was one of the judges who presided at the Plaintiffs' trials and ruled on their petitions for postconviction relief" and assert that "Defendants' desire to fish for something that might be possibly helpful in Judge Steinkruger's 'observations' regarding the settlement is not a sufficient basis to set state/federal comity aside."[36]

In their reply, "Defendants acknowledge that it is somewhat unusual to depose a former judge," but stress that they are "not seeking to call Judge Steinkruger because she was a trial judge in the state court proceedings or to testify about Plaintiffs' criminal trials" and instead "are seeking to depose her about her role as a mediator."[37] Defendants also contest the applicability of Federal Rule of Evidence 403, noting that "[i]t is not a discovery rule" and that "information within [the] scope of discovery need not be admissible to be discoverable."[38] Moreover, Defendants contend that Federal Rule of Civil Procedure 26(c) does not apply because "Plaintiffs have not moved for a protective order" and because "there is

---

[35] Docket 117 at 9 (Pltfs. Opp.).

[36] Docket 117 at 10 (Pltfs. Opp.).

[37] Docket 119 at 7–8 (Defs. Reply).

[38] Docket 119 at 10 (Defs. Reply) (quoting Fed. R. of Civ. P. 26(b)(1)).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 10 of 19

no basis to conclude a protective order is necessary to protect any party or witness from 'annoyance, embarrassment, oppression, or undue burden or expense.'"[39]

The parties do not appear to dispute that there is no "binding legal bar" to Judge Steinkruger's testimony, and the Court agrees. "Under Federal Rule of Evidence 501, federal common law generally governs claims of privilege."[40] The Ninth Circuit has applied federal privilege law where, as here, Plaintiffs have filed federal claims under 42 U.S.C. § 1983 and supplemental state claims, even though "state contract law governed whether the parties had reached a settlement," because "the underlying action that was allegedly settled contained both federal and state claims."[41] Therefore, even if Alaska contract law provides the rule of decision regarding the release, federal privilege law applies.[42] There is no federal mediation privilege in the federal rules and the Ninth Circuit has not recognized a

---

[39] Docket 119 at 10–11 (Defs. Reply) (quoting Fed. R. Civ. P. 26(c)).

[40] *Wilcox*, 753 F.3d at 876.

[41] *In re TFT-LCD*, 835 F.3d at 1158 (citing *Wilcox*, 753 F.3d at 876).

[42] Specifically, Alaska Rule of Civil Procedure 100(g), which provides that "[t]he mediator shall not testify as to any aspect of the mediation proceedings," does not apply to this *Rumery* proceeding in federal court. *See In re TFT-LCD*, 835 F.3d at 1158 ("Where, as here, the same evidence relates to both federal and state law claims, we are not bound by [state] law on privilege. Rather, federal privilege law governs." (quoting *Wilcox*, 753 F.3d at 876)).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 11 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 11 of 19

mediation privilege under the federal common law. This Court declines to do so and finds that the mediator's testimony about the mediation is not privileged.[43]

Additionally, Federal Rule of Evidence 403 does not apply to preclude this deposition, as that rule addresses the admissibility of evidence a trial, not discoverability.[44] Instead, Rule 26(b)(1) provides the applicable standard for discoverable materials:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, the information sought by Defendants from Judge Steinkruger is plainly relevant. Plaintiffs allege that "[t]hroughout the negotiations for the release dismissal agreement it was understood by all parties that the State knew Plaintiffs were innocent," and that "Defendants conspired with the prosecuting attorney . . . to force the Fairbanks Four to sign an unlawful release-dismissal agreement."[45] Judge Steinkruger was a neutral participant at the mediation and is likely to have

---

[43] *See Wilcox*, 753 F.3d at 877 ("We thus need not determine whether a mediation privilege should be recognized under federal common law and, if so, the scope of such a privilege. *See id.* (finding no need to 'consider whether a federal mediation privilege exists').").

[44] *See* Rule of Civil Procedure 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable).

[45] Docket 40 at 27, 29, ¶ 118 (SAC).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 12 of 19

discoverable information regarding Plaintiffs' specific claims about the mediation process. Moreover, the *Rumery* issue is potentially dispositive, Defendants were not present at the mediation, and potentially significant sums of money are at issue in this litigation. As such, the information sought from Judge Steinkruger is proportional to the needs of the case pursuant to Rule 26(b)(1).

Plaintiffs also contend that "[t]o compel testimony from a state judge regarding events witnessed in her official capacity '[] is not within the best interest of comity amidst our dual system of jurisprudence' and 'is not in keeping with . . . maintaining respect for both the state system of jurisprudence and the federal system.'"[46] But *In re Tucker*, which Plaintiffs cite for this proposition, involved a state court judge testifying at a habeas petition hearing regarding the constitutionality of a trial he presided over.[47] In contrast, Defendants seek Judge Steinkruger's testimony regarding her facilitation of mediation proceedings, which does not implicate the same comity concerns as she was not presiding over judicial proceedings during the mediation. Plaintiffs' other case, *Planned Parenthood League of Massachusetts v. Bellotti*,[48] is similarly inapposite because that case

---

[46] Docket 117 at 10 (Pltfs. Opp.) (quoting *In re Tucker*, 214 F. Supp. 202, 206 (W.D. Mo. 1963)).

[47] *In re Tucker*, 214 F. Supp. at 205–06. *Tucker* provides very little context or explanation of this observation, and it appears that the federal court heard at lease some testimony from the state court anyway. *Id.* at 205 ("The sheriff and prosecuting attorney testified, as also did Judge Weightman that all of the officers in the courtroom wore coats and ties and that if they had any weapons, which they might well have had, the same were not exposed.").

[48] 868 F.2d 459, 464 (1st Cir. 1989).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 13 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 13 of 19

concerned *Burford* abstention, which "allows courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme," which is not relevant here.[49]  Moreover, the "intrusion into internal operations of the state judiciary" in that case involved "a realistic fear . . . that plaintiffs would seek to document their complaints by indiscriminately questioning or subpoenaing Massachusetts judges in pursuit of useful testimony."[50]  Such is not the case here, where Defendants seek the testimony of a single former Alaska state court judge solely as to her observations at mediation and negotiation of the settlement agreement.

Accordingly, the Court finds that there is no legal bar to Defendants seeking the testimony of Judge Steinkruger with regard to the mediation and settlement negotiations, that doing so is not violative of the principles of federalism and comity between state and federal courts, and that the testimony satisfies the requirements of Federal Rule of Civil Procedure 26(b)(1).  As such, the testimony of Judge Steinkruger with regard to the mediation proceedings is discoverable.

### III. Redesignation of Counterclaim

Federal Rule of Civil Procedure 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense,

---

[49] *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal quotation marks omitted).

[50] *Planned Parenthood*, 868 F.2d at 464, 466.  The First Circuit also clarified that "[w]e do not hold that all questioning of state judges is inappropriate."  *Id.* at 466 n.8.

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 14 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 14 of 19

including . . . release."  Rule 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."

Plaintiffs maintain that the "Court should designate the Defendants' counterclaim" for specific performance of the release-dismissal agreements "as an affirmative defense and require Defendants to file an Amended Answer removing the counterclaim and repleading their release argument as an affirmative defense."[51]  Plaintiffs contend that while "it is not clear what future advantage the Defendants are seeking to gain by these maneuvers," they "create a potential for confusion" because equitable relief "precludes decision by a jury" whereas "the Court has ruled that 'it is possible that a disputed question of fact as to voluntariness could require resolution by a jury.'"[52]  Additionally, Plaintiffs assert that "a separate claim for enforcement of the releases does not belong in this Court at all" because the release-dismissal agreements state that "[a]ny claims regarding this Agreement will be brought in the Alaska Superior Court, Fourth Judicial District at Fairbanks."[53]

---

[51] Docket 115 at 4 (Pltfs. Mem. in Supp.).

[52] Docket 115 at 3 (Pltfs. Mem. in Supp.) (quoting Docket 109 at 11–12 (Order)).

[53] Docket 115 at 3–4 (Pltfs. Mem. in Supp.) (quoting Docket 43-3 at 7).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 15 of 19

Defendants assert that the "Ninth Circuit has recognized that a 'motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract.'"[54] Defendants also contend that "Plaintiffs cite no authority for the proposition that a defendant cannot assert a counterclaim that might impact the Court's ultimate resolution of collateral issues, including the right to a jury on any particular issue."[55] In any event, Defendants dispute "Plaintiffs' implication that seeking enforcement of the settlement agreements through an affirmative defense, rather than a counterclaim, would change the jury question analysis" because "[n]ot all affirmative defenses create jury questions."[56] Additionally, Defendants assert that the counterclaim does not confuse issues of proper venue or choice of law because "Plaintiffs have waived any venue objection by answering Defendants' counterclaim" and because "Defendants acknowledge that in order to be enforced, Plaintiffs' settlement agreements must be interpreted pursuant to, and enforceable under, Alaska law, and must also satisfy the requirements of *Rumery*."[57] Moreover, Defendants maintain that waiver is inappropriate here because "Plaintiffs cannot possibly claim unfair surprise or prejudice on this issue,"

---

[54] Docket 124 at 2–3 (Defs. Opp.) (quoting *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)).

[55] Docket 124 at 4 (Defs. Opp.).

[56] Docket 124 at 4 (Defs. Opp.).

[57] Docket 124 at 5 (Defs. Opp.).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 16 of 19

Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 16 of 19

which "[t]he parties have been litigating . . . since the very beginning of the case."[58] Instead, Defendants maintain that they "are entitled to" plead their case "as they see fit."[59]

In their reply, Plaintiffs assert that Defendants do not have discretion to plead the release-dismissal agreements as a counterclaim because Federal Rule of Civil Procedure 8(c) contains mandatory language that requires releases to be pleaded as a defense.[60] Plaintiffs contend that a release "is specifically listed in FRCP 8(c)(1)'s list of affirmative defenses" and "asks for no independent relief, only release from the claims plaintiffs have brought" and is therefore "by definition, an 'affirmative defense' governed by FRCP 8(c)(1)."[61] Plaintiffs also suggest that release is an affirmative defense under the law of the case, citing the Ninth Circuit's previous opinion in this case.[62]

Rule 8(c)(2) requires a court to treat a mistakenly designated counterclaim as an affirmative defense only "if justice requires." Moreover, Rule 8(c)(2) provides

---

[58] Docket 124 at 6 (Defs. Opp.).

[59] Docket 124 at 7 (Defs. Opp.).

[60] Docket 125 at 2 (Pltfs. Reply).

[61] Docket 125 at 2–3 (Pltfs. Reply) (internal quotations omitted).

[62] Docket 125 at 4 (Pltfs. Reply) (citing *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1206 (9th Cir. 2020)); *see Roberts*, 947 F.3d at 1206 n.16 ("Generally, the burden of pleading and proving the enforceability of a release-dismissal agreement would fall to defendants. *Perry v. Merit Sys. Prot. Bd.*, ––– U.S. –––, 137 S. Ct. 1975, 1986 n.9, 198 L.Ed.2d 527 (2017) ('In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading.'").

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 17 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 17 of 19

that a court "*may* impose terms for doing so"; a court is not required to order an amended answer or find a waiver for failure to do so.[63] The Court finds that regardless of whether Defendants have mistakenly designated their request for specific performance of the release-dismissal agreements as a counter-claim rather than an affirmative defense, Plaintiffs have not established that "justice requires" that the Court treat it as such at this juncture.[64] It is not necessary at this preliminary stage of the litigation to decide whether voluntariness must or may be decided by a jury; nor is the Court concerned that choice of law issues may cause confusion at this juncture.[65] Additionally, Plaintiffs have not persuaded the Court that it should order an amended pleading pursuant to its permissive authority under Rule 8(c)(2) or that a finding of waiver is warranted when Plaintiffs have been aware of this issue since the outset of litigation.[66] Rather than further delaying this

---

[63] *See Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 791–92 (9th Cir. 1993) (treating defendant's counterclaim as an affirmative defense despite not having been re-pleaded as an affirmative defense).

[64] *See* Docket 115 at 3 (Pltfs. Mem. in Supp.) ("[I]t is not clear what future advantage the Defendants are seeking to gain by these maneuvers . . . .").

[65] The Court does not interpret Defendants' Responding Brief to suggest that, as Plaintiffs put it, "the Release agreements should be 'interpreted pursuant to . . . Alaska law' as well as, or instead of, federal law." Docket 125 at 5 (Pltfs. Reply) (quoting Docket 124 at 5 (Defs. Opp.)). That portion of Defendants' brief seems to merely suggest that Alaska law applies to the interpretation of contracts, even if the enforceability of those contracts is subject to additional federal law requirements under *Rumery*. In any event, Plaintiffs have not explained how this result might differ if release was pleaded as an affirmative defense.

[66] That the Ninth Circuit quoted another case in a parenthetical to support the proposition that "[g]enerally, the burden of pleading and proving the enforceability of a release-dismissal agreement would fall to defendants" does not establish that "justice requires" this Court to treat the counterclaim as an affirmative defense at this point in litigation, or to order an amended

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 18 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 18 of 19

case with additional pleading, the Court will proceed with the *Rumery* issue at this time. However, if circumstances arise under which Plaintiffs can show that justice requires the Court to treat the counterclaim as an affirmative defense, Plaintiffs may renew their motion at that time. Thus, denial of this motion will be without prejudice.

## CONCLUSION

Based on the foregoing, Defendants' motion at Docket 110 is GRANTED and IT IS ORDERED as follows: Plaintiffs have waived the attorney-client privilege as to their post-conviction relief counsel regarding the mediation proceedings and the negotiation and execution of the settlement agreements. In addition, Defendants may depose Judge Steinkruger about the mediation proceedings.

IT IS FURTHER ORDERED that Plaintiffs' motion at Docket 114 is DENIED WITHOUT PREJUDICE.

DATED this 31st day of August, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

pleading, even if it were conclusive of whether the counterclaim is in fact improperly designated. *See supra* n.63.

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.* (consolidated); Case No. 4:17-cv-00035-SLG, *Vent, et al. v. City of Fairbanks, et al.*
Order re Outstanding Motions
Page 19 of 19
Case 4:17-cv-00034-SLG   Document 126   Filed 08/31/21   Page 19 of 19