# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF FAIRBANKS, *et al.*,<br><br>    Defendants. | Case No. 4:17-cv-00034-SLG<br><br>CONSOLIDATED |
| EUGENE VENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF FAIRBANKS, *et al.*,<br><br>    Defendants. | Case No. 4:17-cv-00035-SLG |

## ORDER RE MOTION TO QUASH

Before the Court at Docket 159 is the Expedited Motion to Quash Governor Bill Walker's Subpoena to Appear for Deposition on September 29, 2022. Plaintiffs Marvin Roberts, Eugene Vent, Kevin Pease, and George Frese responded in opposition at Docket 160. Due to the expedited nature of the motion, no reply was permitted.

## BACKGROUND

The factual allegations of this case have been set forth in detail in the Court's July 19, 2021 order at Docket 109 and the Court's August 31, 2021 order at Docket 126. The Court assumes familiarity here.

As relevant to this order, on August 3, 2021, the Court issued an order adopting the parties' proposed discovery plan that provided for *Rumery* discovery to be completed by December 31, 2022.[1] Consistent with that order, on June 15, 2022, the parties began arranging a date for Governor Walker's deposition.[2] To do so, numerous attorneys coordinated their schedules because the proposed discovery plan provides that "[o]ne attorney for each represented party or group may participate in each deposition (i.e., one attorney for the City, one for the officers, one for Roberts and Vent, and one for Pease and Frese). Additional attorneys for each party may observe, subject to reasonable space limitations."[3]

On June 24, counsel for Governor Walker proposed six dates for his deposition and Plaintiffs chose the date furthest from the election, August 29.[4] Upon receiving confirmation from counsel for Governor Walker, Plaintiffs issued

---

[1] Docket 118 (Order adopting Docket 113 Parties' Proposed Disc. Plan).

[2] Docket 160-4 at 3.

[3] Docket 113 at 2 (Parties' Proposed Disc. Plan). In all, 15 attorneys have entered an appearance in this case.

[4] Docket 160-5 at 2.

Case No. 4:17-cv-00034-SLG, *Roberts, et al. v. City of Fairbanks, et al.*
Order re Motion to Quash
Page 2 of 6
Case 4:17-cv-00034-SLG   Document 162   Filed 09/28/22   Page 2 of 6

the notice and subpoena.[5]  Plaintiffs "prepared extensively" for that deposition.[6] However, on Saturday, August 27, Governor Walker's counsel informed the parties that the Governor would not appear for the deposition on August 29, expressing apologies on behalf of himself and Governor Walker.[7]

The Governor promptly proposed rescheduling the deposition to September 29 and on September 1, the parties agreed to reschedule to that date.[8]  Governor Walker's counsel confirmed on several occasions that Governor Walker would be available on that date.[9]  However, on September 21, Governor Walker's counsel asked to delay the deposition until after the election on November 8.[10]  Later that day, Plaintiffs' counsel responded that Plaintiffs would not agree to that additional delay because both sets of Plaintiffs' lawyers have trials scheduled for after the election.[11]  On September 23, Governor Walker's counsel filed this motion to quash Governor Walker's subpoena to appear for deposition on September 29.[12]

---

[5] Docket 160-6 at 2; Docket 160-7 at 2.

[6] Docket 160-3 at 3 (Decl. of Jesse Wing).

[7] Docket 160-9 at 2 ("I very much apologize for having to pass along this information . . . . [Governor Walker] apologized and said the scheduling screw up was totally his fault, but I realize that this causes a lot of inconvenience for a lot of people . . . . Again, very sorry for this situation.").

[8] Docket 160-10 at 2, 6.

[9] *See, e.g.*, Docket 160-10 at 2, 6.

[10] Docket 160-11 at 3.

[11] Docket 160-11 at 4.

[12] Docket 159 at 2 (Mot. to Quash).

Case No. 4:17-cv-00034-SLG, *Roberts, et al. v. City of Fairbanks, et al.*
Order re Motion to Quash
Page 3 of 6

## DISCUSSION

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."[13] The Ninth Circuit explains that the Federal Rules "afford nonparties special protection against the time and expense of complying with subpoenas."[14] And district courts have "ample discretion" to "quash or modify subpoenas causing 'undue burden.'"[15] However, it is the party moving to quash the subpoena that bears the burden of persuasion.[16] "This is a heavy burden."[17]

Through his counsel, the Governor contends that he would suffer an undue burden because the deposition is 40 days prior to a general election and "his current schedule is dynamic" as he contends with the "rigors of a gubernatorial campaign."[18] Counsel maintains that the Governor cannot "devote his full and

---

[13] Fed. R. Civ. P. 45(d)(3)(A)(iv).

[14] *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)).

[15] *Id.* (citing Fed. R. Civ. P. 45(c)(3)).

[16] *Moon v. SCP Pool Corp.*, 232 F.R.D. 633. 637 (C.D. Cal. 2005) (citing *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

[17] *Reynolds v. DML Ins. Servs., Inc.*, No. 3:14-cv-00017, 2015 WL 12804278 at *2 (D. Alaska June 1, 2015) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)).

[18] Docket 159-1 at 2 (Mem. In Supp. of Mot. to Quash).

Case No. 4:17-cv-00034-SLG, *Roberts, et al. v. City of Fairbanks, et al.*
Order re Motion to Quash
Page 4 of 6
Case 4:17-cv-00034-SLG   Document 162   Filed 09/28/22   Page 4 of 6

undivided attention" to preparing for the deposition because the Governor must "respond to requests for interviews at a moment's notice, attend impromptu events at remote locations, fundraise, and comment on media requests on short deadlines."[19]

The Governor's motion does not identify any specific conflicts with the deposition on September 29, 2022, relying instead on the general burdens associated with running for office. In the presumably more burdensome context of a sitting United States President, the Supreme Court acknowledged that "[t]he burden on the President's time and energy" to comply with judicial review is "onerous," but nonetheless explained that "[s]itting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions . . . can scarcely be thought a novelty."[20] The Supreme Court further observed that it is "settled that the President is subject to judicial process in appropriate circumstances."[21]

The Governor has not met his burden of persuading the Court that the September 29 deposition would be unduly burdensome. To date, Governor Walker has selected two dates that would work for him, but then sought to cancel each of them. Governor Walker did not file a declaration explaining why he

---

[19] *Id*.

[20] *Clinton v. Jones*, 520 U.S. 681, 704 (1997).

[21] *Id*. at 703.

Case No. 4:17-cv-00034-SLG, *Roberts, et al. v. City of Fairbanks, et al.*
Order re Motion to Quash
Page 5 of 6

would suffer an undue burden if he is deposed on September 29, 2022. By contrast, Plaintiffs submitted declarations from two of their attorneys explaining why granting the Governor's motion would unfairly prejudice Plaintiffs, detailing their trial commitments in November and December.[22] Plaintiffs have provided numerous specific conflicts that would make rescheduling the Governor's deposition at any time before the end of the calendar year quite challenging.[23]

In sum, the Governor has failed to establish an undue burden, whereas Plaintiffs' counsel has identified with specificity the prejudice to Plaintiffs if this Court were to grant the motion to quash.

## CONCLUSION

For the foregoing reasons, the Governor's motion to quash at Docket 159 is DENIED.

DATED this 28th day of September, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] *See* Docket 160-2 (Decl. of Christina Matthias); Docket 160-3 (Decl. of Jesse Wing).

[23] Docket 160 at 6 (Pls.' Resp. in Opp'n to Mot. to Quash).

Case No. 4:17-cv-00034-SLG, *Roberts, et al. v. City of Fairbanks, et al.*
Order re Motion to Quash
Page 6 of 6
Case 4:17-cv-00034-SLG   Document 162   Filed 09/28/22   Page 6 of 6