Matthew Singer
Peter A. Scully
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125
Facsimile: (503) 796-2900

*Attorneys for the City of Fairbanks*

Joseph W. Evans
LAW OFFICES OF JOSEPH W. EVANS
P.O. Box 519
Bremerton, WA 98310-0241
Telephone: (360) 782-2418
Facsimile: (360) 782-2419

*Attorney for Officer Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARVIN ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FAIRBANKS, JAMES GEIER, CLIFFORD AARON RING, CHRIS NOLAN, DAVE KENDRICK, DOE OFFICERS 1-10, and DOE SUPERVISORS 1-10,<br><br>    Defendants. | Case No. 4:17-cv-00034-SLG |

## MOTION TO COMPEL INTERROGATORY RESPONSES

136675\256099\PASC\45234328.1

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 1 of 9

## I. INTRODUCTION

Defendants served Mr. Roberts with nineteen interrogatories on February 1, 2024.[1] Mr. Roberts refuses to answer the interrogatories at this time, claiming they are premature.[2] Undersigned counsel certify that they have in good faith conferred with opposing counsel in an effort to obtain Mr. Roberts's answers without court action, but those efforts were not successful.[3] Defendants now move the Court for an order compelling Mr. Roberts to answer their interrogatories pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii).[4]

## II. ARGUMENT

The parties' positions are set forth in Mr. Roberts's responses to Defendants' interrogatories,[5] and the correspondence between counsel attached to this motion as Exhibits C, D, and E. Defendants served Mr. Roberts with nineteen interrogatories to ascertain which claims Mr. Roberts is still pursuing, and the basic factual premises of those claims. The interrogatories are patently reasonable. They seek discoverable

---

[1] Exhibit A, Defendants' First Post-*Rumery* Set of Interrogatories to Plaintiff Marvin Roberts.

[2] Exhibit B, Plaintiff's Responses to Defendants' First Post-*Rumery* Set of Interrogatories.

[3] *See* Declaration of Matthew Singer; Exhibit C, Meet and Confer Letter dated March 4, 2024; Exhibit D, Emails between Counsel dated March 8, 2024; Exhibit E, Email from M. Singer to M. Kramer dated March 15, 2024.

[4] "A party seeking discovery may move for an order compelling an answer…if a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii).

[5] Exhibit B.

MOTION TO COMPEL INTERROGATORY RESPONSES
*ROBERTS V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG – PAGE 2 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 2 of 9

information[6] that will clarify issues in the case, narrow the scope of the dispute, and potentially expose grounds for summary judgment motions.[7] Defendants need the requested information so they can meaningfully focus their discovery efforts and prepare their defense.

Mr. Roberts objects that Defendants' discovery requests are premature "contention interrogatories," and claims he is entitled to conduct discovery before he can be required to respond. This objection is misplaced. As a preliminary matter, with the possible exception of Interrogatory No. 18, Defendants' discovery requests are not "contention interrogatories." "[A] contention interrogatory generally asks a party to provide 'all facts' on which it bases some contention."[8] Defendants' interrogatories do

---

[6] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[7] For just one example, the Officer Defendants are entitled to qualified immunity against claims that they violated Mr. Roberts's constitutional rights if their alleged conduct (i) does not amount to a constitutional violation; or (ii) did not violate a constitutional right that was clearly established in 1997. *Cates v. Stroud*, 976 F.3d 972, 978 (9th Cir. 2020). The Supreme Court has directed trial courts to decide qualified immunity motions "early in the proceedings so that the cost and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 194 (2001). But Mr. Roberts's refusal to identify the conduct that he claims violated his rights makes early motion practice impossible.

[8] *United States v. Vision Quest Indus., Inc.*, 2022 WL 21826111, at *5 (C.D. Cal. Feb. 3, 2022) (citing *Ritchie v. Sempra Energy*, 2014 WL 12637955, at *1 n.1 (S.D. Cal. Aug. 4, 2014) and *Steffanie Agerkop v. Sisyphian, LLC*, 2021 WL 6102472, at *1-2 (C.D. Cal. Nov. 15, 2021) (a "contention interrogatory generally asks a party to provide 'all facts' on which it bases some contention.")).

MOTION TO COMPEL INTERROGATORY RESPONSES
*ROBERTS V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG – PAGE 3 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 3 of 9

not do that. Instead they ask Mr. Roberts to identify the acts and omissions for which he is seeking relief. *Vision Quest Indus., Inc.* is instructive on this point. There, the court overruled a nearly identical objection:

> The government argues that the interrogatories at issue are "contention interrogatories" and are "premature." This argument is wrong for two reasons. First, a contention interrogatory generally asks a party to provide "all facts" on which it bases some contention. Vision Quest's interrogatories do nothing of the sort. The interrogatories request the government to identify all claims in which it contends that the knee brace was not medically necessary and, for those claims identified, to state why medical necessity is contested.[9]

But even if Defendants' discovery requests could be construed as "contention interrogatories," they are not premature for several reasons. First, Mr. Roberts pushed for an ambitious trial date and pre-trial deadlines, claiming the parties had a "head start" on the merits of the case.[10] Defendants and the Court acceded to that request, and trial is just over a year away. Now Mr. Roberts is backpedaling, claiming he needs discovery to answer even basic questions about what claims he will be pursuing at trial. This is a highly prejudicial about-face. Having agreed to a June 2025 trial date, Defendants are preparing their case on a condensed timeline. Mr. Roberts's refusal to answer interrogatories until some unspecified future date—after *he* has had an opportunity to conduct document discovery and depositions—will condense that timeline even further. That is not fair. Mr. Roberts should not be permitted to unilaterally dictate the sequence

---

[9] *Vision Quest Indus., Inc.*, 2022 WL 21826111, at *5 (internal citations omitted).

[10] Exhibit F, Email from Plaintiff's Counsel dated January 17, 2024.

MOTION TO COMPEL INTERROGATORY RESPONSES
*ROBERTS V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG – PAGE 4 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 4 of 9

of discovery. Defendants need to know now what claims they are defending against so that they can focus their discovery efforts, set up pretrial motion practice, and get their case ready for trial.

Second, Mr. Roberts's objection is not supported by the law. He relies primarily on *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985), a magistrate-authored decision from the Northern District of California. But *In re Convergent* is not controlling in this Court, and has been rejected even by other federal courts in California.[11] And this case bears no resemblance to *In re Convergent*. There, the defendant propounded "more than 1,000 questions" at the outset of litigation before any substantial document discovery had taken place.[12] By contrast, this case is in its seventh year of litigation, Mr. Roberts already has substantial document discovery from his post-conviction relief proceedings,[13] and Defendants have propounded just nineteen interrogatories. Mr. Roberts has had sufficient time and information to be able to articulate the claims he is asserting. Indeed, unlike the plaintiff in *In re Convergent*,

---

[11] *See Kraft Americas, LP v. Oldcastle Precast, Inc.*, 2013 WL 12125759, at *7 (C.D. Cal. Dec. 2013).

[12] *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 335 (N.D. Cal. 1985) ("[P]laintiffs go on to argue that the real purpose of the defendants interrogatories, which numbered more than 1,000 questions (counting subparts separately) as originally submitted, was to harass and pressure plaintiffs' counsel.").

[13] Despite this court's bifurcation order, Plaintiff produced what appears to be substantially all of the discovery he obtained in the post-conviction relief proceedings, including police reports, interviews, and audio recordings, totaling thousands and thousands of pages.

MOTION TO COMPEL INTERROGATORY RESPONSES
*ROBERTS V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG – PAGE 5 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 5 of 9

Mr. Roberts has already conducted a six-week evidentiary hearing examining what he claims to be the problems with his conviction and incarceration. Accordingly, *United States v. Vision Quest Indus., Inc.* provides a much closer parallel to this case.[14] There, the court rejected an argument that the defendant's contention interrogatories were premature where the plaintiff (i) filed its complaint more than a year earlier, (ii) "ha[d] been investigating its allegations" for almost a decade; (iii) had been in possession of relevant documents "for years"; and (iv) the discovery cut-off was six months away.[15] Here, Mr. Roberts filed his complaint more than six years ago [Dkt. 1], has been investigating his allegations at least since his PCR hearing in 2015, and has had possession of a substantial amount of relevant documentation for almost a decade. The discovery cut-off in this case is only nine months away. [Dkt. 213 at 4].

Finally, even if the Court applies *Convergent's* rubric, Mr. Roberts would be required to answer Defendants' interrogatories. Under *Convergent*, "a party moving to compel responses to contention interrogatories at an early stage in litigation must show that the responses would 'contribute meaningfully' to one of the following:

---

[14] *United States v. Vision Quest Indus., Inc.*, 2022 WL 21826111, at *5 (C.D. Cal. Feb. 3, 2022).

[15] *Id.* ("[C]ontention interrogatories are premature if they are posed before discovery has progressed sufficiently for a party to have gathered all or most of the relevant facts. Here, the government filed the instant Complaint in November 2020. In addition, the government has been investigating its allegations since 2013 and has been in possession of medical records and claims data for years. Further, the discovery cutoff is August 19, 2022. Thus, to the extent that Vision Quest's interrogatories could even be construed as contention interrogatories, they would not be premature, at least not at this point. As such, the government's objections on these grounds are overruled.") (internal citations omitted).

MOTION TO COMPEL INTERROGATORY RESPONSES
*ROBERTS V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:17-CV-00034-SLG – PAGE 6 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 6 of 9

(1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56."[16] Here, Mr. Roberts's responses will meaningfully contribute to clarifying the issues, narrowing the scope to the dispute, and exposing bases for summary judgment motions, as explained below.

Mr. Roberts argues that he should not be required to answer Defendants' interrogatories now because he filed a detailed complaint. But a detailed complaint is not a substitute for verified interrogatory answers. Instead, "requiring a party to answer contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint."[17] Moreover, simply pointing to the allegations in the complaint does not give Defendants the information they need to prepare their defense because the landscape of the litigation has changed considerably since Mr. Roberts and his former co-plaintiffs filed it almost six years ago. [Dkt. 40] Some of the claims Mr. Roberts asserted have been dismissed, [Dkt. 74] and all of his co-plaintiffs have now settled out of the case. Defendants are entitled to know which claims Mr. Roberts is still pursuing and the factual basis of those claims. Defendants cannot meaningfully focus their discovery efforts without that information. Delaying responses to these

---

[16] *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, 2017 WL 1330202, at *1 (N.D. Cal. Apr. 6, 2017) (citing *Convergent*, 108 F.R.D. at 337).

[17] *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007).

MOTION TO COMPEL INTERROGATORY RESPONSES
ROBERTS V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-SLG – PAGE 7 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 7 of 9

types of basic questions will substantially prejudice Defendants' ability to conduct targeted discovery and prepare for trial.

### III. CONCLUSION

For all of the following reasons, the Court should compel Mr. Roberts to answer Defendants' interrogatories now. Maintaining an ambitious trial schedule requires that the Court intervene now to direct Mr. Roberts to meet his discovery obligations without further delay.

DATED at Anchorage, Alaska this 15th day of March, 2024.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys for Defendant City of Fairbanks

By: */s/Matthew Singer*
Matthew Singer
Alaska Bar No. 9911072
msinger@schwabe.com
Peter A. Scully
Alaska Bar No. 1405043
pscully@schwabe.com

LAW OFFICES OF JOSEPH W. EVANS
Attorney for Officer Defendants

By: */s/ Joseph W. Evans*
Joseph W. Evans
Alaska Bar No. 7610089
P.O. Box 519
Bremerton, WA 98310-0241
joe@jwevanslaw.com
Telephone: (360) 782-2418

MOTION TO COMPEL INTERROGATORY RESPONSES
ROBERTS V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-SLG – PAGE 8 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronically on the following counsel of record:

Michael C. Kramer
Reilly Cosgrove
Kramer and Cosgrove
mike@mikekramerlaw.com
reilly@mikekramerlaw.com

Joseph W. Evans
Law Offices of Joseph W. Evans
joe@jwevanslaw.com

*Attorney for Officer Defendants*

Anna B. Hoffmann
Nick J. Brustin
Emma Freudenberger
Christina C. Matthias
Neufeld Scheck Brustin Hoffmann
 & Freudenberger, LLP
anna@nsbhf.com
nick@nsbhf.com
emma@nsbhf.com
cmatthias@nsbhf.com

*Attorneys for Plaintiff Roberts*

/s/Matthew Singer

MOTION TO COMPEL INTERROGATORY RESPONSES
ROBERTS V. CITY OF FAIRBANKS, ET AL.
CASE NO. 4:17-CV-00034-SLG – PAGE 9 OF 9

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 4:17-cv-00034-SLG   Document 218   Filed 03/15/24   Page 9 of 9