# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MARVIN ROBERTS,

                Plaintiff,

       v.

CITY OF FAIRBANKS, *et al.*,

                Defendants.

Case No. 4:17-cv-00034-SLG

## ORDER RE MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Before the Court at Docket 209 is Defendants' Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Plaintiff Marvin Roberts responded in opposition at Docket 210, to which Defendants replied at Docket 212. Oral argument was not requested by either party and was not necessary to the Court's determination.

## BACKGROUND

The factual allegations in this case have been set forth in detail in the Ninth Circuit's opinion[1] and this Court's order granting partial summary judgment to Mr. Roberts at Docket 208[2]; the Court assumes familiarity and summarizes only the relevant facts here. This Court held that Defendants failed to meet their burden of

---

[1] *Roberts v. City of Fairbanks*, 947 F.3d 1191 (9th Cir. 2020).

[2] *See also Roberts v. City of Fairbanks*, Case No. 4:17-cv-00034-SLG, 2024 WL 50800 (D. Alaska Jan. 4, 2024).

proving that the release-dismissal agreement ("Settlement Agreement") entered into by the parties served the public interest.[3] In reaching that conclusion, the Court focused on two undisputed facts: (1) the State agreed that there was sufficient new evidence for a new trial in the underlying criminal case; and (2) the Settlement Agreement was conditioned on Mr. Roberts and three previous plaintiffs all agreeing to it.[4] Because the Court held that Defendants failed to meet their burden on the public interest prong, the Court did not reach the voluntariness prong of the two-prong *Town of Newton v. Rumery* test.[5] Following the Court's ruling, Defendants filed the instant motion to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[6]

## LEGAL STANDARD

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal if three statutory requirements are met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."[7] Because the § 1292(b) statutory requirements are jurisdictional, all of them must be met before the Court can certify an interlocutory

---

[3] *Roberts*, 2024 WL 50800, at *8.

[4] *Roberts*, 2024 WL 50800, at *4.

[5] 480 U.S. 386 (1987); *see also Lynch v. City of Alhambra*, 880 F.2d 1122, 1126 (9th Cir. 1989).

[6] Docket 209.

[7] *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.*
Order re Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)
Page 2 of 5

appeal.[8]  "[T]he party pursuing the interlocutory appeal bears the burden of so demonstrating."[9]  "[I]nterlocutory appeals . . . are the exception, not the rule," so "parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"[10]

## DISCUSSION

First, Defendants assert that the "controlling question of law" that should be certified for interlocutory appeal is "whether enforcing Plaintiff's settlement agreement with the State would adversely affect the relevant public interests."[11] Defendants contend that while there may be factual issues intertwined with this issue, the Court relied only on undisputed facts, and that "*Rumery's* public interest analysis is a question of law."[12]  However, the Court disagrees that this issue is a controlling question of law.  Rather, the issue Defendants identifies involves this Court's application of the *Rumery* public interest prong to a discrete set of undisputed facts.  With regard to making a finding on the public interest factor, the Ninth Circuit held that "each case involves unique facts and policy considerations"

---

[8] *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted).

[9] *Id.* (citation omitted).

[10] *Johnson v. Jones*, 515 U.S. 304, 309 (1995); *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citations omitted).

[11] Docket 209 at 3.

[12] Docket 212 at 3.

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.*
Order re Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)
Page 3 of 5

that a court must consider.[13]  As Mr. Roberts points out, a determination of whether Defendants met their burden on summary judgment with respect to this factor does not constitute "an abstract issue of law . . . suitable for determination by an appellate court without a trial record."[14]

Second, Defendants contend that the Court's ruling "resolves novel and difficult questions of first impression on which there is substantial ground for difference of opinion."[15]  "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."[16]  The Court finds that there is clear controlling law here—the *Rumery* test, as further articulated by the Ninth Circuit's decision in *Lynch v. City of Alhambra*, sets forth a two-prong test in determining whether release-dismissal agreements are enforceable.[17]  Defendants dispute the Court's fact-based ruling on the public interest factor, but there is no difference of opinion here that *Rumery* is the controlling law.  As the Ninth Circuit held, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion."[18]

---

[13] *Lynch*, 880 F.2d at 1127-28.

[14] *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

[15] Docket 209 at 3-4.

[16] *Couch*, 611 F.3d at 633.

[17] *See Rumery*, 480 U.S. 386; *Lynch*, 880 F.2d at 1126.

[18] *Couch*, 611 F.3d at 633 (citations omitted).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.*
Order re Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)
Page 4 of 5

Case 4:17-cv-00034-SLG   Document 222   Filed 03/25/24   Page 4 of 5

Third, Defendants maintain that an immediate appeal may materially advance the ultimate termination of the litigation because the Court of Appeals could reverse the Court's ruling on the public interest factor, and if the Court were then to find on remand that Mr. Roberts voluntarily entered into the Settlement Agreement, the case would end.[19]  But a remand for an extended evidentiary hearing on voluntariness and perhaps on the public interest factor would only be likely to advance the termination of this case if Defendants were to ultimately prevail on the *Rumery* issue both before this Court and on appeal; otherwise, even if Defendants were to prevail on interlocutory review at this time, it could well further delay the resolution of this case.

None of the three requirements for certification of an interlocutory appeal have been met.  Thus, this is not a case where "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[20]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) at Docket 209 is DENIED.

DATED this 25th day of March 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] Docket 209 at 5-6; Docket 212 at 5-6.

[20] *ICTSI Oregon*, 22 F.4th at 1130 (citations omitted).

Case No. 4:17-cv-00034-SLG, *Roberts v. City of Fairbanks, et al.*
Order re Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)
Page 5 of 5